**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**(EASTERN DIVISION)**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| ENESCO GROUP, INC., et al.[1], | ) | Case No. 07-00565 |
|  | ) | Hon. A. Benjamin Goldgar |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF FILING PROPOSED FORM OF FINAL ORDER**
**AUTHORIZING DEBTORS TO: (A) INCUR POSTPETITION DEBT;**
**(B) GRANT LIENS AND PROVIDE SECURITY AND OTHER RELIEF TO**
**WELLS FARGO FOOTHILL, INC., AS AGENT; AND (C) GRANT ADEQUATE**
**PROTECTION TO THE PREPETITION AGENT AND PREPETITION LENDERS**

   **PLEASE TAKE NOTICE THAT** on January 22, 2007, the United States Bankruptcy Court for the Northern District of Illinois (the "Court") entered an Order Authorizing Debtors To: (A) Incur Postpetition Debt Pending a Final Hearing;(B) Grant Liens And Provide Security And Other Relief To Wells Fargo Foothill, Inc., As Agent; And (C) Grant Adequate Protection To The Prepetition Agent And Prepetition Lenders (Docket No. 73) (the "Interim DIP Order"), which granted, on an interim basis, certain relief requested in the Debtors' Motion for an Order (I) Authorizing the Debtors to Incur Postpetition Secured Indebtedness, (II) Granting Security Interests and Superpriority Claims Pursuant to Sections 105(a) and 364(c) of the Bankruptcy Code, and (III) Granting Adequate Protection to the Prepetition Lenders and the Prepetition Agent (Docket No. 45) (the "DIP Motion").

   **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Interim DIP Order, the deadline to object to the DIP Motion and the Interim DIP order was February 2, 2007 at 4:00 p.m. (Central).  At the time of the filing of this notice, no objections to either the DIP Motion or the Interim DIP Order have been filed with the Court.

   **PLEASE TAKE FURTHER NOTICE THAT** on February 5, 2007, the Debtors filed a proposed form of Final Order Authorizing Debtors To: (A) Incur Postpetition Debt; (B) Grant Liens And Provide Security And Other Relief To Wells Fargo Foothill, Inc., As Agent; And (C) Grant Adequate Protection To The Prepetition Agent And Prepetition Lenders (the "Final DIP Order"), a copy of which is attached hereto as Exhibit A.  Attached hereto as Exhibit B is a blackline version of the Final DIP Order reflecting the changes between the Interim DIP Order and the Final DIP Order.

---

[1]  The Debtors are the following entities: Enesco Group Inc. (EIN: 04-1864170); Enesco International Limited (EIN: 04-2840664); and Gregg Manufacturing, Inc. (EIN: 95-3762436).

**PLEASE TAKE FURTHER NOTICE THAT**, the Debtors will present the proposed Final DIP Order to Court at a hearing on February 7, 2007 at 10:30 a.m. (Central time) before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge, United States Bankruptcy Court, Courtroom 613, 219 S. Dearborn, Chicago, Illinois 60604.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the DIP Motion and the Interim DIP Order and all exhibits thereto, are publicly available, free of charge and without a password, online in electronic format at http://schedule.bsillc.com/enesco. All pleadings and orders of the Court are available online for a fee, on the Court's website, http://www.ilnb.uscourts.gov, with a PACER password (to obtain a PACER password, go to the PACER website, http://pacer.psc.uscourts.gov).

Parties in interest with questions concerning the proposed Final DIP Order may contact counsel for the Debtors, as set forth below.

Dated: Chicago, Illinois
      February 5, 2007

                                      */s/ Felicia Gerber Perlman*              
                                    George N. Panagakis (ARDC No. 06205271)
                                    Felicia Gerber Perlman (ARDC No. 06210753)
                                    SKADDEN, ARPS, SLATE, MEAGHER
                                     & FLOM
                                    333 West Wacker Drive, Suite 2100
                                    Chicago, Illinois 60606-1285
                                    (312) 407-0700

                                    Attorneys for Debtors and Debtors-in-Possession

**EXHIBIT A**

PROPOSED FINAL DIP ORDER

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **ENESCO GROUP, INC., et al.**[1] | ) | **Case Nos. 07-00565 (ABG)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |

## FINAL ORDER AUTHORIZING DEBTORS TO:(A) INCUR POSTPETITION DEBT; (B) GRANT LIENS AND PROVIDE SECURITY AND OTHER RELIEF TO WELLS FARGO FOOTHILL, INC., AS AGENT; AND (C) GRANT ADEQUATE PROTECTION TO THE PREPETITION AGENT AND PREPETITION LENDERS

This matter came before this Court on the motion ("Motion") of Enesco Group, Inc., Gregg Manufacturing, Inc. and Enesco International Ltd. (each individually, a "Debtor" and collectively, the "Debtors"), requesting that this Court enter an order authorizing Debtors to, among other things: (a) incur Postpetition Debt; (b) grant liens and other relief to Wells Fargo Foothill, Inc., as Postpetition Agent for the benefit of itself and the other Postpetition Lenders, (c) use a portion of the proceeds of the Postpetition Debt to satisfy the Prepetition Debt, and (d) grant adequate protection to Prepetition Agent and Prepetition Lenders. Unless otherwise indicated, all capitalized terms used as defined terms herein have the meanings ascribed thereto in <u>Exhibit A</u> attached hereto and by this reference are made a part hereof.

This Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 and shall take effect and be fully enforceable immediately upon entry.

Having examined the Motion, being fully advised of the relevant facts and circumstances surrounding the Motion and having completed a hearing pursuant to Code §§ 105, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 4001(c) and (d), and objections, if

---

[1] The Debtors consist of Enesco Group Inc., Enesco International Limited, and Gregg Manufacturing, Inc.

any, having been withdrawn, resolved or overruled by the Court, **THE MOTION IS GRANTED, AND THE COURT HEREBY FINDS THAT:**

A.    On the Filing Date, Debtors filed voluntary petitions for relief under chapter 11 of the Code.  Debtors have retained possession of their property and continue to operate their businesses as debtors in possession pursuant to Code §§ 1107 and 1108.

B.    The Court has jurisdiction over the Case and this proceeding pursuant to 28 U.S.C. § 1334.  Determination of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).  Venue over this Motion is proper under 28 U.S.C. § 1409(a).

C.    Debtors are unable to obtain unsecured credit allowable under Code § 503(b)(1) sufficient to finance the operations of Debtors' businesses.  Even if Debtors were authorized to use all available cash collateral upon a showing of adequate protection of the interests therein of the Prepetition Agents and Prepetition Lenders, such cash collateral would be insufficient to provide Debtors with the working capital sufficient to finance the operation of Debtors' businesses.  Debtors are unable to obtain credit allowable under Code §§ 364(c)(1), (c)(2) or (c)(3) on terms more favorable than those offered by Postpetition Agent and Postpetition Lenders.

D.    Prepetition Agents and Prepetition Lenders are unwilling to consent to the grant of a security interest in the Prepetition Collateral to Postpetition Agent and Postpetition Lenders with priority over the security interests therein pursuant to Code § 364(d) unless, as adequate protection of their interests in the Prepetition Collateral, the Postpetition Debt is used, in part, to indefeasibly (except as otherwise provided herein) pay, satisfy, discharge and extinguish the Prepetition Debt in full.  Any attempt by Debtors to use cash collateral or grant Postpetition Agent and Postpetition Lenders a lien on the Prepetition Collateral with priority over

the security interests of Prepetition Agent and Prepetition Lenders therein over objections would consume time and resources of Debtors at a crucial time, and would not be in the best interests of Debtors or their creditors.

      E.    Postpetition Agent and Postpetition Lenders have indicated a willingness to extend the Postpetition Debt, but only on the terms and conditions set forth in this Order and the Postpetition Documents.  Under the circumstances of this Case, the terms and conditions of this Order are a fair and reasonable response to Debtors' request to incur Postpetition Debt, and the entry of this Order is in the best interests of Debtors' estates and creditors.  Such terms and conditions have been negotiated in good faith and at arms' length, and the Postpetition Debt is being extended in good faith, as that term is used in Code § 364(e).

      F.    Subject to Paragraph 8(b) of this Order, Debtors have stipulated and represented to the Court that: (1) the Prepetition Loan Documents evidence and govern the Prepetition Debt, the Prepetition Liens and the prepetition financing relationship among Debtors, Prepetition Agent and Prepetition Lenders, and are valid and enforceable by Prepetition Agent and Prepetition Lenders against Debtors in accordance with the Prepetition Loan Documents; (2) as of the Filing Date and based upon the facts and circumstances as of the date of entry of this Order, Debtors are liable for payment of the Prepetition Debt, and the Prepetition Debt shall be an allowed secured claim under the Code, in an amount not less than, exclusive of accrued interest, letter of credit fees, other fees, and expenses, $54.6 million (of which approximately $2 million consists of contingent letter of credit obligations); (3) the Prepetition Debt constitutes the legal, valid and binding obligations of Debtors, enforceable in accordance with the terms of the Prepetition Loan Documents; (4) no offsets, defenses or counterclaims to the Prepetition Debt exist, and no portion of the Prepetition Debt is subject to avoidance, equitable subordination,

recharacterization or other challenge pursuant to the Code or applicable nonbankruptcy law; (5) the Prepetition Liens, among other things, have been granted in substantially all of the Debtors' assets, including cash, and secure payment of all of the Prepetition Debt; (6) the Prepetition Liens are First Priority Liens, subject to Prepetition Permitted Liens and the terms of the Prepetition Loan Documents; and (7) as of the Filing Date and based upon the facts and circumstances as of the date of entry of this Order, the amount of Prepetition Debt is fully secured by the value of the Prepetition Collateral as of the Filing Date.

G.    Subject to Paragraph 8(b) of this Order, the Debtors have further stipulated and represented to the Court that, in connection with the Debtors' and their affiliates' efforts to restructure and obtain postpetition financing, Prepetition Agent and Prepetition Lenders have made numerous good faith contributions and concessions, including, without limitation: (a) the agreement to accept the Agreed Amount as a discounted payment in satisfaction of the outstanding fully secured claims for principal, interest, fees and expenses under the Prepetition Loan Documents; (b) the consent to permit the Debtors' to use cash collateral to fund their outstanding payroll obligations on the Filing Date; (c) the consent (pursuant to the terms and conditions of this Order) to the postpetition financing and the superpriority liens and claims granted to Postpetition Agent and Postpetition Lenders hereunder, which consent is an integral component to facilitate this essential funding for the Debtors' estates; (d) forbearing from exercising default remedies and numerous other accommodations, including additional financing provided to the Debtors and their affiliates before the Filing Date to facilitate the payment of unsecured and trade creditors and the continuation of the Debtors' operations; and (e) forbearing from exercising their default remedies against the Debtors' and the Debtors' non-debtor foreign affiliates (both after the expiration of the Termination Date (as defined in the Prepetition Credit

Agreement) and after the Filing Date not seeking relief from the automatic stay), the exercise of which could have impaired the Debtors' ability to obtain postpetition financing.

H.    After entry of the Interim Order, the Debtors provided notice of the Interim Order, the releases provided in Paragraph 8(a), the Challenge Period, the 506(c) waiver, the deadline to object to the Interim Order and the Final Hearing (as defined in the Interim Order): (i) by first class mail to all known creditors and holders of interests in the Debtors; (ii) by publication in the New York Times and the Chicago Tribune; (ii) by posting on the Debtors' website and the website of the Debtors' claims and noticing agent, BSI, LLC; and (iv) through The Depository Trust Company to all holders of the Debtors' outstanding public securities.

I.    The Debtors need to obtain the Postpetition Debt in accordance with the terms of this Order to minimize disruption to and avoid the termination of their business operations, and to maximize the value of the Prepetition Collateral for the benefit of the Debtors and their estates.

J.    On January 22, 2007, the Court entered the Interim Order, granting the Motion pending a final hearing in accordance with Fed. R. Bankr. P. 4001(c)(2).

K.    In accordance with Local Rule 4001-2, extraordinary circumstances exist to grant the highlighted provisions of this Order.

L.    The notice provided by Debtors of the Motion, the hearing on the Motion, and the entry of this Order satisfy the requirements of Fed. R. Bankr. P. 4001(c), 4001(d) and 9014 and Code §§ 102(1) and 364 and were otherwise sufficient and appropriate under the circumstances.

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

1.      <u>Authorization to Incur Postpetition Debt</u>.

(a)      <u>Postpetition Documents</u>. Debtors are hereby authorized to: (i) execute and deliver the Postpetition Documents to the extent not previously executed and delivered to Postpetition Agent, including all documents that the Postpetition Agent and Postpetition Lenders deem necessary to implement the transactions contemplated by the Postpetition Documents; and (ii) perform each of their obligations under and comply with all of the terms and provisions of the Postpetition Documents and this Order.   The Postpetition Documents and all of the terms and conditions thereof are hereby approved in their entirety and, upon execution and delivery thereof, the Postpetition Documents shall constitute valid and binding obligations of Debtors, enforceable in accordance with their terms.   The Prepetition Agent and Prepetition Lenders will not at any time after entry of this Order exercise any right of setoff or control against any Postpetition Collateral with respect to any Prepetition Debt, except as otherwise permitted by this Order or further order of Court with respect to the Cash Management Accounts, the L/C Collateral and the Prepetition Indemnity Account.

(b)      <u>Payment of Agreed Amount of Prepetition Debt</u>. Debtors are hereby authorized to incur Postpetition Debt under Section 2.1 (Revolver Advances) of the Postpetition Loan Agreement to (i) upon the Repayment Date, pay the Agreed Amount of Prepetition Debt subject to Paragraph 8(b) and the other provisions of this Order and (ii) after the Repayment Date, for all other purposes in accordance with the Postpetition Documents and this Order.   The Repayment Date, and payment in full of the Agreed Amount, shall be deemed to have occurred on, and effective as of, January 23, 2007.   Upon the Repayment Date, payment of the Agreed Amount of Prepetition Debt shall (i) be deemed to indefeasibly (except as otherwise

provided herein) satisfy, discharge, pay and extinguish all Prepetition Debt other than the

Continuing Indemnification Obligations, any Reinstated Prepetition Debt and any L/C Liability

(as defined in the Prepetition Credit Agreement as of the Filing Date, including any other

obligation related thereto accruing before or after the Filing Date) and (ii) become final and

binding on all parties in interest in the Case and their respective successors and assigns,

including, without limitation, any Trustee, unless any Committee timely files with the Court a

challenge to either the Prepetition Debt or the Prepetition Liens securing the Prepetition Debt in

accordance with Paragraph 8(b) of this Order.   Prepetition Agent is directed, upon the

Repayment Date, to execute and deliver to Postpetition Agent such releases, waivers and

terminations which Postpetition Agent deems necessary or desirable from time to time to

extinguish the Prepetition Liens (except for Continuing Prepetition Liens); provided, however,

Debtors shall reimburse Prepetition Agent and Prepetition Lenders for all costs and reasonable

expenses incurred by Prepetition Agent and/or Prepetition Lenders in connection with such

releases, waivers and terminations. If such a challenge is timely filed (and the challenger either

succeeds in obtaining a final, non-appealable judgment/order or order approving a settlement),

all Reinstated Prepetition Debt shall be remitted to the Debtors as Cash Proceeds and held in a

segregated interest bearing account as designated by Postpetition Agent, pending further order of

this Court.   Notwithstanding payment of the Agreed Amount, the Continuing Indemnification

Obligations shall remain in full force and effect in accordance with the Prepetition Loan

Document and shall be secured by the Replacement Liens and  the Prepetition Indemnity

Account and shall have the benefit of the Prepetition Superpriority Claim, in each case in

accordance with the terms hereof.   Payment of the Agreed Amount of the Prepetition Debt is in

full and final satisfaction of any and all amounts due and owing to the Prepetition Agent and the

Prepetition Lenders other than the Continuing Indemnification Obligation, L/C Liability and the

Prepetition Reinstated Debt, subject to the limitations set forth in Paragraph 1(h) herein or

otherwise as provided in this Order.

        (c)    <u>Prepetition Letters of Credit</u>.  Pursuant to the terms of the

Postpetition Loan Agreement and the Prepetition Credit Agreement, on the Repayment Date

Debtors may incur Postpetition Debt in order to deliver cash to the Prepetition Agent as

collateral ("L/C Collateral") to be segregated and held by Prepetition Agent solely to secure

Debtors' obligations with respect to extant letters of credit and bankers' acceptances issued

under the Prepetition Loan Documents (the "Prepetition Letters of Credit").  The L/C Collateral

shall be in an amount not to exceed 105% of the face amount of the Prepetition Letters of Credit

outstanding on the Repayment Date.  Prepetition Agent shall be deemed to have a First Priority

Lien in and to L/C Collateral.  Subject only to Prepetition Agent's lien as described in the

preceding sentence, the L/C Collateral shall be deemed to be Postpetition Collateral for all

purposes under this Order.  As and to the extent any Prepetition Letters of Credit are returned,

expire or the face amount thereof are otherwise reduced, Prepetition Agent shall remit to

Postpetition Agent, as Cash Proceeds, L/C Collateral equal to 105% of the amount of such

replacement, expiration or reduction.  The L/C Collateral shall otherwise remain in a segregated

account held by Prepetition Agent until all Prepetition Letters of Credit have expired or have

been returned and all other L/C Liability (as defined above) has been paid in full.  Thereafter,

Prepetition Agent shall remit any remaining L/C Collateral, plus accrued interest thereon, to

Postpetition Agent to be applied in accordance with Paragraph 6(a) hereof.  The Prepetition

Agent and/or the Prepetition Lenders are hereby authorized to apply L/C Collateral in payment

and satisfaction of a L/C Liability without any further order of the Court notwithstanding the

automatic stay under § 362 of the Code.  The Prepetition Agent will give notice to the Postpetition Agent of any such application.

(d)   <u>Other Permitted Uses of Postpetition Debt</u>. Without limiting the foregoing, Debtors are hereby authorized to incur Postpetition Debt: (i) solely in accordance with and pursuant to the terms and provisions of this Order and the Postpetition Documents; and (ii) solely to the extent required to pay those expenses enumerated in the Budget as and when such expenses become due and payable.  Notwithstanding anything to the contrary in this Paragraph 1(d), however: (i) Debtors are hereby authorized and directed to incur Postpetition Debt to pay the Postpetition Charges, the Retained Professionals Carveout and the UST Fees when due and payable; and (ii) if Postpetition Agent advances monies to Debtors and Debtors use such monies other than in accordance with the terms and provisions of this Order or the Postpetition Documents, such advances shall be considered Postpetition Debt for purposes of this Order.  Each Debtor shall be jointly and severally liable for all Postpetition Debt pursuant and subject to the terms of the Postpetition Documents.

(e)   <u>Amendment</u>.   Subject to the terms and conditions of the Postpetition Loan Agreement and the Postpetition Documents, Debtors, Postpetition Agent and Postpetition Lenders may amend, modify or supplement any provision of the Postpetition Documents without notice and hearing or order of the Court, provided that (i) such amendments, modifications or supplements do not materially and adversely affect, in the reasonable view of Debtors, after consultation with any Committee, the rights of any creditor or other party-in-interest, (ii) notice of any such amendment, modification or supplement is filed with the Court and (iii) written notice of any such amendment, modification or supplement (other than those which in the reasonable view of Debtors are ministerial, technical or do not adversely affect

Debtors), if any, are provided, at least three (3) business days in advance of their effectiveness to counsel for the Committee, all parties entitled to notice of pleadings by rule or order of the Court, and the United States Trustee.  Debtors also shall provide notice of any such amendment, modification or supplement to the Prepetition Agent.

(f)     <u>Adequate Protection of Reinstated Prepetition Debt and Continuing Indemnification Obligations</u>.  To secure the payment of the Reinstated Prepetition Debt, if any, and the Continuing Indemnification Obligations and as adequate protection of the interests of the Prepetition Agent and the Prepetition Lenders with respect to Continuing Indemnification Obligations, Prepetition Agent is hereby granted, for the benefit of itself and the Prepetition Lenders, (i) the Replacement Liens as security for the Continuing Indemnification Obligations and any Reinstated Prepetition Debt; provided that such Replacement Liens shall not attach to any claims or recoveries under Chapter 5 of the Bankruptcy Code, (ii) the Prepetition Superpriority Claim as administrative priority for any Reinstated Prepetition Debt, provided that such Prepetition Superpriority Claim shall not be payable from any claims or recoveries under Chapter 5 of the Bankruptcy Code, and (iii) the Prepetition Indemnity Account as security for the Continuing Indemnification Obligations.  Prepetition Agent shall be deemed to have a First Priority Lien in and to the Prepetition Indemnity Account and Postpetition Agent shall be deemed to have a Second Priority Lien in and to the Prepetition Indemnity Account, subject and subordinate in all respect to the First Priority Lien of Prepetition Agent.  In connection with a sale, lease or other disposition of all or substantially all of the Postpetition Collateral (the "Sold Collateral") approved by the Court in accordance with Code § 363 or § 1129 with the written consent of Postpetition Agent, Prepetition Agent and Prepetition Lenders shall be obligated to consent to such disposition free and clear of the Replacement Liens and Continuing Prepetition

Liens (other than the Excluded Foreign Liens) and to otherwise release and terminate such Replacement Liens and Continuing Prepetition Liens (other than Excluded Foreign Liens) so long as (i) the Repayment Date has occurred, (ii) Postpetition Agent consents to such sale at a time when Postpetition Debt or commitments under the Postpetition Documents remain outstanding and (iii) Prepetition Agent retains the Prepetition Indemnity Account, L/C Collateral, the Prepetition Superpriority Claim, the Replacement Liens (on Postpetition Collateral other than the Sold Collateral) and the Excluded Foreign Liens, in each case in accordance with the terms hereof; provided that (y) the Prepetition Agent's Replacement Liens on Postpetition Collateral that is not Sold Collateral and (z) the Prepetition Superpriority Claim shall be deemed waived or terminated on the Challenge Period Termination Date if no Potential Prepetition Lender Cause of Action has been filed by the Committee or any other party in interest. Prepetition Agent is directed, upon the funding of the Prepetition Indemnity Account, to execute and deliver to Postpetition Agent such releases, waivers and terminations which Postpetition Agent deems necessary or desirable from time to time to extinguish the Replacement Liens (with respect to Sold Collateral) and the Continuing Prepetition Liens (other than Excluded Foreign Liens); provided, however, Debtors shall reimburse Prepetition Agent and Prepetition Lenders for all costs and reasonable expenses incurred by Prepetition Agent and Prepetition Lenders in connection with such releases, waivers and terminations.

(g)    Wind-down Carveout.  Notwithstanding anything to the contrary herein, the Postpetition Liens, Postpetition Debt, Replacement Liens and Prepetition Superpriority Claim shall not attach to, and shall be subordinate in all respects to, the Wind-down Fund as defined and provided under the asset purchase agreement between the Debtors and EGI Acquisition LLC; provided however that neither the Wind-down Fund nor its proceeds shall

be used in any way, directly or indirectly, to assert any claim, challenge, objection, cause of action, defense, lawsuit or other act or proceeding against the Prepetition Agent or the Prepetition Lenders or in any way relating to the Prepetition Debt, the Prepetition Loan Documents or any of the rights granted to the Prepetition Agent or the Prepetition Lenders under this Order.

(h)      <u>Limitation on Reinstated Prepetition Debt</u>.      Notwithstanding anything to the contrary herein, any Reinstated Prepetition Debt shall be reinstated with the same validity, priority and extent of such Reinstated Prepetition Debt as of the Filing Date or with that validity, priority and extent established by any finding or judgment by final order.  Furthermore, any portion of any Reinstated Prepetition Debt that arises from the finding and judgment by a final order that any portion of the Prepetition Liens were subject to avoidance under the Code or were not valid or enforceable liens, shall not have the benefit of being secured by Replacement Liens.

2.      <u>Procedures for Use of Cash Proceeds</u>.

(a)      <u>Delivery of Cash Proceeds to Postpetition Agent</u>.      Debtors are authorized and directed to deposit all Cash Proceeds, regardless of the source thereof, now or hereafter in their possession or under their control into the Cash Management Accounts (or to otherwise deliver all such Cash Proceeds to Postpetition Agent in a manner satisfactory to Postpetition Agent) promptly upon receipt thereof.  Postpetition Agent shall apply all Cash Proceeds in accordance with Paragraph 6(a) of this Order.

(b)      <u>Account Debtors</u>.  Without further order of court, Debtors are hereby directed to instruct all account debtors of existing and future accounts receivable included in the Postpetition Collateral to make payments directly into the Cash Management Accounts or

such other accounts satisfactory to Postpetition Agent, in which event all such Cash Proceeds shall be treated in accordance with this Order.

(c)    <u>Cash Proceeds in Postpetition Agent's Possession</u>.   Subject to the terms of the cash management agreements with respect to the Cash Management Accounts and the other terms hereof, Postpetition Agent is authorized to collect upon, convert to Cash Proceeds and enforce checks, drafts, instruments and other forms of payment now or hereafter coming into its possession or under its control which constitute Postpetition Collateral or proceeds of Postpetition Collateral.

3.    <u>Superpriority Administrative Expense Status; Postpetition Liens</u>.   The Postpetition Debt is hereby granted superpriority administrative expense status under Code § 364(c)(1), with priority over all costs and expenses of administration of the Case that are incurred under any provision of the Code, other than the Retained Professionals Carveout and the UST Fees.   In addition, Postpetition Agent is hereby granted, pursuant to Code §§ 364(c)(2), 364(c)(3), and 364(d), for the benefit of itself and each Postpetition Lender, the Postpetition Liens to secure the Postpetition Debt. The Postpetition Liens: (a) are and shall be First Priority Liens, subject only to Postpetition Permitted Liens, without any further action by Debtors, Postpetition Agent, or Postpetition Lenders and without the execution, filing or recordation of any financing statements, security agreements, mortgages or other documents or instruments; (b) shall not be subject to any security interest or lien which is avoided and preserved under Code § 551; and (c) shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of the Case.   For the avoidance of doubt, the Postpetition Liens are and shall remain First Priority Liens with priority over the Prepetition Liens in favor of Prepetition Agent and Prepetition Lenders.   Notwithstanding the foregoing, Debtors are authorized and

directed to execute and deliver to Postpetition Agent such security agreements, financing statements, mortgages, instruments, bank account agency agreements and other documents as Postpetition Agent may deem reasonably necessary or desirable from time to time.  Any such security agreements, financing statements, mortgages, instruments, or other documents filed by Postpetition Agent shall be deemed to have been filed as of the date of the Motion.  Postpetition Agent may file a copy of this Order in any filing or recording office in any county or other jurisdiction in which any Debtor has real or personal property consisting of Postpetition Collateral and such filing or recording shall be accepted and shall constitute further notice of lien and evidence of perfection of Postpetition Agent's and Postpetition Lenders' interest in the Postpetition Collateral.

4.    <u>Carveout Terms</u>.

(a)    The Retained Professionals Carveout shall be an amount equal to (i) prior to the Termination Date, the accrued and unpaid amounts for Retained Professionals not to exceed the amounts therefor in the Budget (which, in the case of Retained Professionals of the Committee shall be an amount not less than $_____), plus (ii) $150,000 for payment of fees and expenses of Retained Professionals accruing after the Termination Date.  The amount of the Retained Professionals Carveout shall be reduced on a dollar for dollar basis by any payments of such fees or expenses made on or after the Termination Date.  Upon the Termination Date and prior to any payment of such fees or expenses from the Retained Professionals Carveout, all prepetition retainers shall be used to pay such fees and expenses of Retained Professionals (provided such prepetition retainers shall not reduce the Retained Professionals Carveout).  Postpetition Agent shall have the right to establish reserves in accordance with the Postpetition Loan Agreement with respect to the Retained Professionals Carveout.  Upon the Termination

Date, and with the sole exception of the Retained Professionals Carveout, Postpetition Agent

shall have no obligation to fund any fees or expenses of the Retained Professionals accrued prior

to, on or after the Termination Date.  On the Termination Date, any accrued and unpaid amounts

described in clause (a)(i) above, together with the $150,000 amount set forth in clause (a)(ii)

above, shall be funded by the Postpetition Agent into an escrow account established for the

benefit of the Retained Professionals.

        (b)      The Retained Professionals Carveout shall not include, and no

Postpetition Debt or Postpetition Collateral may be used to pay, any fees or expenses incurred by

any entity, including any Debtor, any Committee or any of the Retained Professionals, in

connection with claims, actions or services adverse to Postpetition Agent, Postpetition Lenders,

or any of their interests in any of the Postpetition Collateral, including, but not limited to:

(i) preventing, hindering or delaying enforcement or realization by Postpetition Agent upon any

of the Postpetition Collateral after an Event of Default has occurred; (ii) moving or requesting, or

assisting any other party's complaint, motion or request, to impose the surcharge provisions of

Code § 506(c), the enhancement of collateral provisions of Code § 552, or any other legal or

equitable doctrine (including unjust enrichment) upon any of Postpetition Agent, Postpetition

Lender, or any of the Prepetition Collateral or Postpetition Collateral; (iii) using or seeking to use

Cash Proceeds or selling any Postpetition Collateral without the consent of Postpetition Agent;

(iv) incurring indebtedness without the consent of Postpetition Agent, except as expressly

permitted by the Postpetition Documents; or (v) advancing objections to or contesting in any

manner, or in raising any defenses to, the validity, extent, amount, perfection, priority or

enforceability of the Postpetition Debt, or the Postpetition Liens or any other rights or interests of

Postpetition Agent, or Postpetition Lenders, or in asserting any claims or causes of action,

including any actions under chapter 5 of the Code, against Postpetition Agent or Postpetition Lenders.

(c)    No portion of the Retained Professionals Carveout may be used to litigate, object, contest or challenge in any manner or raise any claims or defenses (i) against the Prepetition Agent or the Prepetition Lenders or (ii) to the Prepetition Debt or Prepetition Collateral, whether by challenging the validity, extent, amount, perfection, priority or enforceability of the indebtedness under the Prepetition Credit Agreement or the validity, perfection or priority of any mortgage, security interest or lien with respect thereto or any other rights, interests, superpriority claims or replacement liens with respect thereto or any other rights or interests of the Prepetition Agent and the Prepetition Lenders, or by seeking to subordinate or recharacterize the Prepetition Credit Agreement or Prepetition Loan Documents or disallow any claim, mortgage, security interest, lien, or replacement lien or by asserting any claims or causes of action, including, without limitation, any actions under Chapter 5 of the Code, against the Prepetition Agent, the Prepetition Lenders, or any of their respective Representatives.

(d)    Nothing herein shall be construed as consent to the allowance of any fees, costs or expenses of the Retained Professionals, or shall affect the right of Postpetition Agent, any Postpetition Lenders, Prepetition Agent or any Prepetition Lender to object to the allowance and payment of such fees, costs or expenses.  Subject to the limitations and conditions contained in Paragraph 4(a), Postpetition Agent and Postpetition Lenders shall fund such allowable Retained Professionals Carveout upon allowance of any fees and expenses incurred by the Retained Professionals and upon termination of all commitments under the Postpetition Loan Agreement.  Any amount paid by Postpetition Agent and Postpetition Lenders in respect of the

Retained Professionals Carveout shall be Postpetition Debt and payment of the Retained Professionals Carveout shall not reduce or be deemed to reduce the Postpetition Debt.

5.    <u>Termination of Right To Incur Postpetition Debt</u>.

(a)    <u>Termination Date</u>.  Unless extended by the Court upon the written agreement of Postpetition Agent, this Order and Debtors' authorization to incur Postpetition Debt pursuant to this Order will automatically terminate on the Termination Date without further notice or order of Court, provided that, Postpetition Agent and Postpetition Lenders shall have no obligation to lend or advance any additional funds to or on behalf of Debtors, or provide any other financial accommodations to Debtors, immediately upon or after the occurrence of a Default (as defined in the Postpetition Loan Agreement) or an Event of Default.

(b)    <u>Rights Upon Termination</u>.  Upon the Termination Date, without further notice or order of the Court, at the election of Postpetition Agent, the Postpetition Debt shall be immediately due and payable by Debtors.  **On the fourth (4th) Business Day after giving written notice of the Termination Date to the Debtors' counsel and the Committee's counsel: (i) at the election of Postpetition Agent, without further order of the Court, Postpetition Agent shall have automatic and immediate relief from the automatic stay with respect to the Postpetition Collateral (without regard to the passage of time provided for in Fed. R. Bankr. P. 4001(a)(3)), and shall be entitled to exercise all rights and remedies available to it under the Postpetition Documents and applicable nonbankruptcy law with respect to the Postpetition Collateral**; (ii) subject to the Postpetition Permitted Liens, Debtors shall be prohibited from using any Cash Proceeds for any purpose other than application to the Postpetition Debt in accordance with Paragraph 6(a) of this Order, until the Postpetition Debt is indefeasibly and finally paid in full; (iii) Postpetition Agent shall be entitled to apply or set off

any Cash Proceeds in Postpetition Agent's possession or control to the Postpetition Debt in accordance with Paragraph 6(a) of this Order, until such Postpetition Debt is indefeasibly and finally paid in full; and (iv) Debtors shall be authorized and directed to surrender the Postpetition Collateral and to otherwise cooperate to assist Postpetition Agent in the exercise of the rights and remedies available to Postpetition Agent under the Postpetition Documents and applicable nonbankruptcy law with respect to the Postpetition Collateral. Notwithstanding the foregoing, during the three (3) Business Day period following the Termination Date, Debtors or any other party in interest shall have the right to obtain an order of this Court determining that the Termination Date has not occurred.

6.    **Additional Consideration For Postpetition Debt**.    As additional consideration for the extension of the Postpetition Debt:

(a)    **Application of Cash Proceeds**.    Subject to the Postpetition Permitted Liens, Postpetition Agent is authorized and directed to apply all Cash Proceeds and all monies received from Prepetition Lender under Paragraph 1(b) (to the extent not required in this Order to be deposited into escrow) or 1(c) of this Order, now or hereafter coming into Postpetition Agent's possession or control, in accordance with the terms of the Postpetition Loan Agreement. All such applications shall be final and not subject to challenge by any person, including any Trustee.

(b)    **Prohibition Against Use of Cash Collateral**.    Debtors will not use or seek to use Cash Proceeds except as permitted hereby, unless, in addition to the satisfaction of all requirements of Code § 363 for the use of such Cash Proceeds: (i) Postpetition Agent has consented to such order authorizing such use; (ii) at the time of the entry of such an order, there is no Postpetition Debt outstanding, and no obligation of Postpetition Agent or any Postpetition

Lender to extend additional Postpetition Debt; or (iii) such Cash Proceeds are first used to immediately, indefeasibly and finally pay the Postpetition Debt in cash in full.

(c)    <u>Prohibition Against Additional Debt</u>.    Debtors will not incur or seek to incur debt secured by a lien which is equal to or superior to the Postpetition Liens, or which is given superpriority administrative expense status under Code § 364(c)(1), unless, in addition to the satisfaction of all of the requirements of Code § 364 for the incurrence of such debt: (i) Postpetition Agent has consented to such order; (ii) at the time of the entry of such an order, there is no Postpetition Debt outstanding and no obligation of Postpetition Agent or any Postpetition Lender to extend additional Postpetition Debt; or (iii) such credit or debt is first used to immediately, indefeasibly and finally pay the Postpetition Debt in cash in full.

(d)    <u>Prohibition Against Non-Ordinary Course Dispositions</u>.  Except as otherwise permitted by the Postpetition Documents, Debtors may not sell, lease or otherwise dispose of any Postpetition Collateral outside the ordinary course of business without Postpetition Agent's prior written consent, including the compromise, adjustment or modification of the amount of any Debtor's accounts receivable.

(e)    **<u>No Surcharge</u>.  At no time during the Case shall the surcharge provisions of Code § 506(c), the enhancement of collateral provisions of Code § 552, or any other legal or equitable doctrine (including unjust enrichment) be imposed upon Postpetition Agent, any Postpetition Lender, any of the Postpetition Collateral by or for the benefit of any party in interest, including, Debtors, any of the Retained Professionals, or any Trustee.  At no time during the Case shall the surcharge provisions of Code § 506(c), the enhancement of collateral provisions of Code § 552, or any other legal or equitable doctrine (including unjust enrichment) be imposed upon Prepetition Agent, any Prepetition**

**Lender, any of the Prepetition Collateral, the Prepetition Indemnity Account, the Prepetition Superpriority Claim or any of the Postpetition Collateral subject to Replacement Liens, by or for the benefit of any party in interest, including, Debtors, any of the Retained Professionals, or any Trustee**.

(f)     <u>Release</u>.   Upon the indefeasible payment in full of all Obligations owed to Postpetition Agent and Postpetition Lenders and termination of the rights and obligations arising under the Postpetition Documents and this Order (which payment and termination shall be on terms and conditions acceptable to Postpetition Agent), Postpetition Agent and Postpetition Lenders shall be released from any and all obligations, liabilities, actions, duties, responsibilities and causes of action arising or occurring in connection with or related to the Postpetition Documents and this Order (except for any obligation or responsibility (whether direct or indirect, absolute or contingent, due or not due, primary or secondary, liquidated or unliquidated) to pay or otherwise fund the Retained Professionals Carveout and any UST Fees), on terms and conditions acceptable to Postpetition Agent.

7.     <u>Miscellaneous Provisions</u>.

(a)     <u>Force and Effect of Postpetition Documents</u>.   To the extent there exists any conflict among the Motion, the Postpetition Documents, and the terms of this Order, this Order shall govern and control.

(b)     **<u>Modification of Stay</u>.   The automatic stay of Code § 362 is hereby modified with respect to Postpetition Agent and Postpetition Lenders to the extent necessary to effectuate the provisions of this Order and the Postpetition Documents, including, after the Termination Date, to permit Postpetition Agent to exercise its rights contemplated by Paragraph 5(b) above**.

(c)    <u>Financial Information</u>.  Debtors are hereby directed to deliver to Postpetition Agent, Postpetition Lenders and the Committee such financial and other information and reports concerning the business and affairs of Debtors and any of the Postpetition Collateral as may be required pursuant to the Postpetition Documents and as Postpetition Agent, Postpetition Lenders and the Committee shall reasonably request from time to time. Debtors are also directed to allow Postpetition Agent and all Postpetition Lenders access to their premises in accordance with the terms of the Postpetition Documents.  The Debtors shall also provide the Committee and its representatives with reasonable access to their premises.

(d)    <u>Sale of Collateral; Right to Credit Bid</u>.  In all events, pursuant to Code § 363(k), Postpetition Agent shall have the right to use the Postpetition Debt to credit bid with respect to any bulk or piecemeal sale of all or any portion of the Postpetition Collateral. Upon the closing of a sale of all or any portion of the Collateral, the proceeds thereof shall be remitted to Postpetition Agent for application to the Postpetition Debt in accordance with Paragraph 6(a) of this Order.

(e)    <u>Waiver of Right to Return/Consent to Setoff</u>.  Effective upon entry of the Interim Order, Debtors hereby waive their rights: (1) to return any of the Postpetition Collateral pursuant to Code § 546(h); and (2) to consent to setoff pursuant to Code § 553 with respect to any "Accounts" (as defined in the Postpetition Loan Agreement) at any time.

(f)    <u>Indemnification</u>.  Debtors shall indemnify and hold harmless Postpetition Agent and Postpetition Lenders pursuant to terms of the Postpetition Loan Agreement.

(g)    <u>No Marshaling</u>.  None of Postpetition Agent, Postpetition Lenders or the Postpetition Collateral shall be subject to the doctrine of marshaling.

(h)    <u>No Waiver</u>.    The failure of any of Postpetition Agent, any Postpetition Lender, Prepetition Agent or any Prepetition Lender, at any time or times hereafter, to require strict performance by Debtors (or by any Trustee) of any provision of this Order or the Postpetition Documents shall not waive, affect or diminish any right of such party, as the case may be, thereafter to demand strict compliance and performance therewith.    No delay on the part of any of Postpetition Agent, any Postpetition Lender, Prepetition Agent or any Prepetition Lender, in the exercise of any right or remedy under this Order or the Postpetition Documents shall preclude any other or further exercise of any right or remedy.    None of the Postpetition Agent, any Postpetition Lender, Prepetition Agent or any Prepetition Lender shall be deemed to have suspended or waived any of such party's rights or remedies under this Order, the Postpetition Documents, the Prepetition Loan Documents, the Code, or other applicable law unless such suspension or waiver is in writing, signed by a duly authorized officer of such party, and directed to Debtors.

(i)    **<u>No "Responsible Person"</u>.    Effective upon entry of the Interim Order, none of the Postpetition Agent or Postpetition Lenders shall, solely by executing the Postpetition Documents or taking any actions pursuant to the Interim Order or this Order: (i) be deemed to be in control of the operations or liquidation of Debtors; or (ii) be deemed to be acting as a "responsible person" with respect to the operation, management or liquidation of Debtors**.

(j)    <u>Insurance</u>.    Debtors are directed to deliver to Postpetition Lender evidence, satisfactory to Postpetition Agent, that the Postpetition Collateral is insured for the full replacement value thereof, that all insurance policies required by the Postpetition Loan Agreement or obtained in connection with the Collateral are maintained in full force and effect,

and that Postpetition Agent is named as loss payee on all such property insurance policies and named as additional insured on all such liability policies as its interests may appear.

(k)   <u>Access to Collateral</u>.  Upon and after the occurrence of an Event of Default, subject to Paragraph 5(b) above, Postpetition Agent (and any of Postpetition Agent's employees, agents, consultants, contractors or other professionals) shall have the right, at the cost and expense of Debtors, to enter upon any leased premises of any of Debtors for the purpose of exercising any remedy with respect to the Postpetition Collateral located thereon and shall be entitled to all of Debtors' rights and privileges as lessee under such lease without interference from the lessors thereunder.  Unless otherwise agreed between Postpetition Agent and the applicable landlord, Postpetition Lenders will be obligated to pay base rent, as defined in the applicable lease (or other agreement between Postpetition Agent and the applicable landlord) for the period of time Postpetition Agent actually occupies the applicable leased premises, calculated on a per diem basis and any such amounts paid by Postpetition Lenders shall constitute Postpetition Debt.

(l)   <u>Assignment of Postpetition Debt</u>.  Pursuant to the terms and provisions of the Postpetition Documents, in the event that the Postpetition Debt is assigned in accordance with the terms thereof, such assignees shall be entitled to all rights and benefits as a Postpetition Lender under this Order.

(m)   <u>Cash Management</u>.  Debtors' existing cash management agreements and related Cash Management Accounts with any Prepetition Lender (each as in effect on the date hereof or as amended with the written consent of Postpetition Agent, a "Prepetition Lender Cash Management Agreement") shall remain in full force and effect and any Prepetition Lender (or affiliate) party thereto as a "bank" shall retain all rights, remedies and

obligations thereunder; it being the intent that no such rights of setoff, recoupment or banker's liens shall grant such bank (or any affiliate Prepetition Lender) any cross-collateralization with respect to any other Prepetition Debt.

(n)     No Third Party Rights.  Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder, stakeholder or any direct, indirect or incidental beneficiary.

8.     Releases and Binding Effect.

(a)     **Releases.  Subject to the provisions of Paragraph 8(b) and the notice provisions of Paragraph H of this Order, for good and valuable consideration, including, but not limited to, the willingness to enter into the agreement of the Prepetition Agent and Prepetition Lenders (pursuant to the terms and conditions of this Order) to (a) accept the Agreed Amount as a discounted payment of their fully secured claims under the Prepetition Loan Documents, (b) forgo seeking an expeditious liquidation of the Prepetition Collateral, (c) the numerous concessions and additional financing provided to the Debtors and their affiliates by the Prepetition Agent and the Prepetition Lenders before the Filing Date, and (d) the consent to the Postpetition Debt and the use of Cash Proceeds to pay the Debtors' payroll obligations arising after the Filing Date, effective as of the date of the Interim Order, each of the Prepetition Agent and the Prepetition Lenders and their respective Representatives (as broadly as permitted under applicable law) shall be released by the Debtors (on behalf of their estates and affiliates), Postpetition Agent and Postpetition Lenders (solely in their capacities as such under the Postpetition Documents and in no other capacity and in exchange for the reciprocal release provided below), Tinicum Capital Partners II LP ("Tinicum") (in exchange for the reciprocal release**

provided below) and all other creditors, interest holders and other stakeholders of the Debtors (together with the Representatives of each of the foregoing parties, the "Releasing Parties") from any and all claims, debts, obligations, rights, suits, damages, actions, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, directly or indirectly related to the Debtors and their affiliates, existing as of the date of the Interim Order or thereafter arising, in law, at equity, or otherwise ("Claims"), that any of the Releasing Parties would have been legally entitled to assert directly in its own right (whether individually or collectively) or that any holder of a claim or equity interest or other person or entity would have been legally entitled to assert on behalf of any of the Debtors or any of their estates or affiliates, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the date of the Interim Order, including without limitation, claims, actions, and causes of action in connection with the Debtors and their assets, the Prepetition Credit Agreement, the Prepetition Loan Documents, this Case, the Postpetition Debt, the Postpetition Documents and the restructuring or liquidation of the Debtors and their affiliates.  Subject to Paragraph 8(b), the Debtors' (on behalf of themselves and their non-debtor affiliates) stipulations, agreements and waivers and the releases granted herein have been provided in good faith and are fair and reasonable under the circumstances in light of the opportunity for parties to object during the Challenge Period and the substantial contributions made by the Prepetition Agent and the Prepetition Lenders as described herein.  Effective as of the date of the Interim Order, each of Postpetition Agent, Postpetition Lenders, Tinicum and their respective Representatives shall be released (as broadly as permitted under applicable law) by each of Prepetition Agent, Prepetition

Lenders and their respective Representatives ("Prepetition Releasors") from any and all Claims that any of the Prepetition Releasors would have been legally entitled to assert directly in its own right (whether individually or collectively) based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the date of the Interim Order, including without limitation, claims, actions, and causes of action in connection with the Debtors and their assets, the Prepetition Credit Agreement, the Prepetition Loan Documents, this Case, the Postpetition Debt, the Postpetition Documents and/or the restructuring or liquidation of the Debtors and their affiliates.  Notwithstanding anything in this Paragraph 8(a) to the contrary, the foregoing releases shall not release any rights provided to any party under the Interim Order.

(b)     **Stipulations, Representations and Findings.**  The stipulations, representations and findings and the release contained in Paragraphs F, G and 8(a) of this Order shall be binding on all Releasing Parties and other parties in interest in the Case and their respective Representatives and successors and assigns, including any Trustee; provided however, that nothing in this Order or the Postpetition Credit Agreement shall prejudice the rights any Committee or any other party in interest (other than the Debtors, their estates and affiliates, the Postpetition Agent and the Postpetition Lenders) may have (a) to object to or challenge the findings herein, including, but not limited to, those in relation to (i) the validity, extent, perfection or priority or the mortgage, security interests and liens of the Prepetition Agent and the Prepetition Lenders in and to the Prepetition Collateral, (ii) the validity, allowability, priority, status or size of the Prepetition Debt, (iii) the propriety of the repayment of the Prepetition Debt, the releases granted herein and the adequate protection provided to Prepetition Agent and Prepetition Lenders, or (b) to

bring suit against the Prepetition Agent or the Prepetition Lenders to assert a cause of action, claim or defense, at law or in equity, whether direct or derivative, in connection with or related to the Prepetition Credit Agreement, the Prepetition Loan Documents, or the actions or inactions of the Prepetition Agent or the Prepetition Lenders arising out of or related to the Prepetition Credit Agreement and Prepetition Loan Documents (collectively, the "Potential Prepetition Lender Causes of Action"); provided further, however, that unless any Committee or any other party in interest files a motion challenging the Prepetition Liens or requesting standing to commences or commences a contested matter or adversary proceeding raising such claim, objection or challenge, against the Prepetition Agent or the Prepetition Lenders of any nature (including by setoff, counterclaim or defense to the Prepetition Debt, including but not limited to, those under §§ 506, 544, 547, 548, 550 and/or 552 of the Code or by way of suit against the Prepetition Agent or the Prepetition Lenders), within thirty (30) days following the date of the Interim Order (or in the case of any Committee, thirty (30) days following the date of appointment of such Committee) (the "Challenge Period", and the date that is the next calendar day after the termination of the Challenge Period, in the event that no objection or challenge is raised during the Challenge Period shall be referred to as the "Challenge Period Termination Date"), upon the Challenge Period Termination Date, any and all such claims, causes of action, challenges and objections by any party (including, without limitation, any creditor, interest holder, stakeholder, party in interest, official creditors' committee(s) and any Chapter 11 or Chapter 7 trustee appointed herein) shall be deemed to be forever waived, released and barred, and the Prepetition Debt shall be deemed to be allowed in full as secured claims as of the Filing Date within the meaning of § 506 of the Code for all

**purposes in connection with this Case and the Debtors' stipulations and the releases provided herein shall be binding on all creditors, interest holders, stakeholders and parties in interest; and provided further that no more than an aggregate of $50,000 of the Cash Proceeds, the Postpetition Loan or the Retained Professionals Carveout may be used by any Committee to investigate any of the matters described in this Paragraph**.

(c)    <u>Plan Release Provisions</u>.  Any plan proposed by the Debtors, the Postpetition Agent or the Postpetition Lenders shall include general releases of the Prepetition Agent and the Prepetition Lenders substantially similar to the releases provided herein.  The Debtors and Tinicum hereby represent and warrant that they do not intend to convert the Debtors' chapter 11 cases to cases under chapter 7 of the Code.

(d)    <u>Order</u>.  This Order shall take effect immediately upon execution and shall be binding on all parties in interest in the Case and their respective successors and assigns, including any Trustee, except that any Trustee shall have the right to terminate this Order after notice and hearing.  If, in accordance with Code § 364(e), this Order does not become a final nonappealable order, if a Trustee terminates this Order, or if any of the provisions of the Order are hereafter modified, amended, vacated or stayed by subsequent order of this Court or any other court, such termination or subsequent order shall not affect the priority, validity, enforceability or effectiveness of any lien, security interests, adequate protection or any other benefit or claim authorized hereby prior to the effective date of such termination or subsequent order.  All such liens, security interests, claims and other benefits shall be governed in all respects by the original provisions of this Order, and (i) Postpetition Agent and Postpetition Lenders shall be entitled to all the rights, remedies, privileges and benefits granted herein, including the liens and priorities granted herein with respect to the Postpetition Debt and

(ii) Prepetition Agent and Prepetition Lenders and their respective Representatives shall be entitled to all the rights, remedies, privileges and benefits granted herein, including the liens and priorities granted herein with respect to the Prepetition Debt.  Except as otherwise explicitly set forth in this Order, no third party is intended to be, or shall be deemed to be, a third party beneficiary of this Order.

(e)      Survival.   The provisions of this Order, and any actions taken pursuant to or in reliance upon the terms hereof, shall survive entry of, and govern in the event of any conflict with, any order which may be entered in the Case: (i) confirming any chapter 11 plan; (ii) converting the Case to a case under chapter 7; or (iii) dismissing the Case.  The terms and provisions of this Order, including the rights granted Postpetition Agent and Postpetition Lenders under Code §§ 364(c) and (d), shall continue in full force and effect until all of the Postpetition Debt is indefeasibly and finally paid in cash in full and discharged.  The terms and provisions of this Order with respect to the rights granted Prepetition Agent and Prepetition Lenders herein shall continue in full force and effect until all of the Agreed Amount of Prepetition Debt and Continuing Indemnification Obligations are indefeasibly and finally paid in cash in accordance with the terms hereof and discharged.

(f)      Proofs of Claim.   Neither Prepetition Agent nor any Prepetition Lender will be required to file proofs of claim in the Case.  Prepetition Agent is hereby authorized and entitled, in its sole discretion, but not required, to file (and amend and/or supplement, as it sees fit) aggregate proofs of claim in the Case on behalf of the Prepetition Lenders.  Any proof of claim so filed shall be deemed to be in addition and not in lieu of any other proof of claim that may be filed by any of the Prepetition Lenders.  In the absence of filing

such proofs of claim, the provisions of this Order shall be deemed to be proofs of claim filed against each of the Debtors.

     (g) <u>Notice of Entry of Order</u>.  Debtors are directed to serve a copy of this Order, within three (3) business days hereof, by first class mail, postage prepaid, on all of each Debtor's secured creditors, the Committee, the United States Trustee and parties who have filed notices of appearances in this Case.

Dated: _____ __, 2007

_____
 Honorable A. Benjamin Goldgar
United States Bankruptcy Judge

**EXHIBIT A**

**DEFINED TERMS**

1.    ***Agreed Amount.***  As of the Repayment Date, the sum of (a) the aggregate amount of outstanding principal, interest (calculated at the non-default contract rate provided for under the Prepetition Credit Agreement), fees, costs and other charges, and all other obligations, contingent or otherwise (other than Continuing Indemnification Obligations), owing to Prepetition Agent and Prepetition Lenders under the Prepetition Loan Documents, <u>minus</u> (b) the aggregate amount of cash held by the Debtors and their non-debtor affiliates prior to the opening of business on the Repayment Date as reasonably determined in accordance with the Debtors' past practices, <u>minus</u> (c) the lesser of (i) $3,500,000 or (ii) five percent (5%) of the amount equal to (a) minus (b) above.

2.    ***Budget.***  The budget attached to this Order as **Exhibit B**, as amended, modified or supplemented from time to time, for different amounts or different periods, all as may be agreed to by Debtors and Postpetition Agent from time to time without the necessity for further Court approval.  Except in cases of emergency funding, the Committee shall be provided with written notice at least three (3) business days in advance of the effectiveness of any amendments, modifications or supplements to the Budget.

3.    ***Business Day.***   Any Business Day (as that term is defined in the Postpetition Loan Agreement).

4.    ***Case.***   This jointly-administered chapter 11 case or any superseding chapter 7 case of Debtors.

5.    ***Cash Management Accounts.***   Collectively, all bank accounts (including the "Cash Management Accounts") referenced in Section 2.7 of the Postpetition Loan Agreement and all bank accounts subject to the Prepetition Lender Cash Management in accordance with the terms and provisions of this Order.

6.    ***Cash Proceeds.***  All cash arising from the collection or other conversion to cash of the Postpetition Collateral, including all "cash collateral" as that term is defined in Code § 363(a), and any other cash from the sale of inventory and the collection of accounts receivable, tax refunds, deposits subject to setoff, and insurance proceeds.  Any cash collected or received by Debtors at any time from any source shall be deemed to be proceeds of Postpetition Collateral.

7.    ***Challenge.***  As defined in Paragraph 8(b) of this Order.

8.    ***Challenge Period Termination Date.***  As defined in Paragraph 8(b) of this Order.

9.    ***Code.***  The United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*), as amended, and any successor statute.  Unless otherwise indicated, all statutory section references in this Order are to the Code.

10.     ***Committee.***   Any official creditors' committee appointed to represent unsecured creditors in this Case pursuant to Code § 1102.

11.     ***Continuing Indemnification Obligations.***   All reimbursement, indemnification or similar continuing obligations of the Debtors in favor of the Prepetition Agent and Prepetition Lenders under the Prepetition Loan Documents, including without limitation, any such obligations under Section 9.7 of the Prepetition Credit Agreement.

12.     ***Continuing Prepetition Liens.***   Prepetition Liens upon Foreign Non-Debtor Property which shall be subject and subordinate in all respects to any and all liens, security interests and pledges in favor of Postpetition Agent or any Postpetition Lender with respect to the Postpetition Debt.

13.     ***Event of Default.***   Any one or more of the following: (a) the occurrence of any "Event of Default" under and as defined in Section 7 of the Postpetition Loan Agreement; or (b) failure by Debtors to perform their obligations in strict accordance with the terms of, or otherwise fail to comply with any of the provisions of, this Order.

14.     ***Excluded Foreign Liens.***   All Prepetition Liens upon Foreign Non-Debtor Property that are not Included Foreign Liens.

15.     ***Filing Date.***   January 12, 2007.

16.     ***First Priority Liens.***   Liens which are first priority, properly perfected, valid and enforceable security interests, which are not subject to any claims, counterclaims, defenses, setoff, recoupment or deduction, and which are unavoidable and not subject to avoidance or subordination pursuant to any provisions of the Code, applicable nonbankruptcy law, or any agreement.

17.     ***Foreign Non-Debtor Property.***   All Prepetition Collateral of any non-debtor affiliate of the Debtors.

18.     ***Included Foreign Liens.***   All Prepetition Liens upon (a) the equity interests of non-debtor affiliates of the Debtors whose equity interests constitute a portion of the Sold Collateral and (b) any Foreign Non-Debtor Property sold, transferred or otherwise disposed of in connection with the Sold Collateral.

19.     ***Interim Order.***   The Order Authorizing Debtors To:   (A) Incur Postpetition Debt Pending Final Hearing; (B) Grant Liens and Provide Security and Other Relief to Wells Fargo Foothill, Inc., as Agent; and (C) Grant Adequate Protection to the Prepetition Agent and Prepetition Lenders, entered in this Case on January 22, 2007.

20.     ***Obligations.***   All "Obligations" (as that term is defined in the Postpetition Loan Agreement).

21.     ***Postpetition Agent.***   Wells Fargo Foothill, Inc. as "Agent," under and as defined in the Postpetition Loan Agreement, and any successor agent.

22.    ***Postpetition Charges.***  Interest at the rate set forth in Section 2.6 of the Postpetition Loan Agreement and all fees, costs, expenses and other charges and amounts due or coming due under the Postpetition Documents or in connection with the Postpetition Debt (including, to the extent provided therein, all attorneys' fees and paralegals' fees and expenses, financial advisor fees and expenses, appraiser fees and expenses, valuation related fees and expenses, consultant fees and expenses, out-of-pocket filing and recording fees, external and internal audit fees and expenses, closing fees, letter of credit fees, unused line fees, facility fees, administrative fees, agency fees, arrangement fees, deferred fees, consultant fees and expenses, and all other costs and expenses) that are incurred before, on, or after the Filing Date by Postpetition Agent with respect to the preparation, negotiation or documentation of the Postpetition Documents, the Postpetition Debt, or the administration of the Postpetition Debt.

23.    ***Postpetition Collateral.***  All of the real and personal property of Debtors, including without limitation, the "Collateral," as that term is defined in the Postpetition Loan Agreement and all proceeds of the foregoing.  The "Postpetition Collateral" shall expressly include any claims and recoveries arising under §§ 502(d), 544, 545, 547, 548, 549, 550 and 553 of the Code, except Postpetition Collateral shall exclude any claims and recoveries arising under § 547 against any entity other than an insider of the Debtor or any affiliate of such insider.

24.    ***Postpetition Debt.***  (a) All Obligations or other indebtedness of Debtors to Postpetition Agent or Postpetition Lenders incurred on or after the Filing Date pursuant to this Order, the Postpetition Documents, or otherwise, including any advances made by Postpetition Agent or any Postpetition Lenders to pay any Prepetition Debt; (b) the Postpetition Charges; and (c) any "Bank Product Obligations" owed to a "Bank Product Provider" (as those terms are defined in the Postpetition Loan Agreement).

25.    ***Postpetition Documents.***  The Postpetition Loan Agreement and other related agreements and documents, including the "Loan Documents" (as that term is defined in the Postpetition Loan Agreement), all as may be acceptable to the Postpetition Agent and Postpetition Lenders.

26.    ***Postpetition Lenders.***  Wells Fargo Foothill, Inc., and any other lenders party from time to time to the Postpetition Loan Agreement and their respective successors and assigns.

27.    ***Postpetition Liens.***  First Priority Liens in the Postpetition Collateral, subject only to Postpetition Permitted Liens.

28.    ***Postpetition Loan Agreement.***  That certain Debtor-In-Possession Credit Agreement by and among Debtors, Postpetition Agent and Postpetition Lenders substantially in the form of **Exhibit C** to this Order, as amended, modified or supplemented from time to time in accordance with its terms and this Order.

29.    ***Postpetition Permitted Liens.***  Collectively, (a) the Retained Professionals Carveout; (b) the Prepetition Agent's lien in the L/C Collateral as described in Paragraph 1(c) above, (c) all UST Fees, (d) third party liens all as more fully set forth in a schedule attached to the Postpetition Loan Agreement, as such schedule may be amended from time to time with the written consent of Postpetition Agent, to the extent such third party liens have priority over the

Prepetition Liens as of the Filing Date or are secured by liens in Collateral as of the Filing Date having a value in excess of the Prepetition Debt.

30.    ***Prepetition Agent.***  Bank of America, N.A., in its capacity as Agent under the Prepetition Credit Agreement, and its successors and assigns.

31.    ***Prepetition Collateral.***  Collectively, all of the "Collateral" (as that term is defined in the Prepetition Credit Agreement existing as of the Filing Date) and all proceeds, rents, issues, profits and products thereof.

32.    ***Prepetition Credit Agreement.***  Second Amended and Restated Senior Revolving Credit Agreement dated as of June 16, 2003, by and among Prepetition Agent, Prepetition Lenders and the Debtors (as the same as heretofore been amended, supplemented, modified, extended, renewed, restated and/or replaced at any time prior to the Filing Date).

33.    ***Prepetition Debt.***  All indebtedness or obligations under the Prepetition Loan Documents as of the Filing Date, including contingent liabilities under outstanding letters of credit.

34.    ***Prepetition Indemnity Account.***  An account established in the control of the Prepetition Agent, into which $1.75 million of the proceeds of any sale, lease or other disposition contemplated by Paragraph 1(f) hereof shall be deposited as security for the Continuing Indemnification Obligations; provided however that $1.25 million of such amount shall be released to the Debtors as Cash Proceeds hereunder if the Challenge Period Termination Date occurs and no party has brought or asserted an adversary proceeding, cause of action, objection, challenge claim or defense as contemplated by Paragraph 8(b) of this Order; and provided further that the Prepetition Indemnity Account shall terminate and all remaining amounts shall be released to the Debtors as Cash Proceeds hereunder on the earliest of: (a) further Order of this Court; (b) one year from the date of the Interim Order; and (c) the date that the Court enters a final order closing the Debtors' cases.

35.    ***Prepetition Lenders.***  Bank of America, N.A. and LaSalle National Bank, N.A.., and their respective successors and assigns.

36.    ***Prepetition Liens.***  Collectively, Prepetition Agent's and Prepetition Lenders' liens and security interests in the Prepetition Collateral under the Prepetition Loan Documents.

37.    ***Prepetition Loan Documents.***  Collectively, (a) the Prepetition Credit Agreement and; (b) all "Loan Documents" (as defined in the Prepetition Credit Agreement).

38.    ***Prepetition Permitted Liens.***  Collectively, all "Liens" (as defined in the Prepetition Credit Agreement) that are permitted pursuant to the terms of the Prepetition Credit Agreement and that, as of the Filing Date: (a) had priority under applicable law over the Prepetition Liens; (b) were not subordinated by agreement or applicable law; and (c) were non-avoidable, valid, properly perfected and enforceable.

39.    ***Prepetition Superpriority Claim.***  An allowed superpriority administrative expense claim under § 507(b) of the Code, with priority over all other administrative claims in the Debtors Cases (except as provided by § 507(a) of the Code), but otherwise subject and subordinate to the Postpetition Debt, the Retained Professionals Carveout and the UST Fees).

40.    ***Reinstated Prepetition Debt.***  The aggregate amount, if any, of Prepetition Debt that after the Filing Date is (a) paid (including the Agreed Amount) and (b) subsequently reinstated after payment thereof because such payment is required by final order, to be returned, disgorged or repaid to Debtors, Postpetition Agent or Postpetition Lenders; provided, however, that all such Reinstated Prepetition Debt shall be junior and subordinate in right of payment to all Postpetition Debt.

41.    ***Releasing Parties.***  As defined in Paragraph 8(a) of this Order.

42.    ***Repayment Date.***  The date of payment of the Prepetition Debt in accordance with Paragraph 1(b) this Order.

43.    ***Replacement Liens.***  Second Priority Liens in all of the Debtors' assets, subject only to: (a) the Postpetition Liens; (b) Prepetition Permitted Liens; and (c) Postpetition Permitted Liens, subject to Paragraph 1(b) of the Order and expressly excluding any claims or recoveries arising under §§ 502(d), 544, 545, 547, 548, 549, 550 and 553 of the Code.

44.    ***Representative.***  With respect to any particular person or entity, such person or entity's officers, directors, employees, members, partners, principals, managers, officers, directors, agents, employees, advisors (including any attorneys, financial advisors, investment bankers, and other professionals retained by such persons or entities), affiliates, and representatives.

45.    ***Retained Professionals.***  Court-approved counsel and financial advisors for Debtors, and court-approved counsel and financial advisors for any Committee.

46.    ***Retained Professionals Carveout.***  The aggregate amount set forth in Paragraph 4 of this Order for the purposes of enabling Debtors estate to pay allowed fees and expenses of the Retained Professionals as may be awarded from time to time pursuant to Code §§ 330 and 331, plus the reasonable out-of-pocket expenses (excluding attorneys' fees) incurred by Committee members and otherwise allowed by final order of the Court.

47.    ***Second Priority Liens.***  Liens which are subject and subordinate to First Priority Liens in all respects but which are otherwise second priority, properly perfected, valid and enforceable security interests, which are not subject to any claims, counterclaims, defenses, setoff, recoupment or deduction, and which are otherwise unavoidable and not subject to avoidance or subordination pursuant to any provisions of the Code, applicable nonbankruptcy law, or any agreement.

48.    ***Termination Date.***  At Postpetition Agent's election, the earliest to occur of: (a) the date on which Postpetition Agent provides, via facsimile or overnight mail, written notice to counsel for Debtors and counsel for any Committee of the occurrence of an Event of Default and Postpetition Agent's election to cease funding and accelerate the Postpetition Debt;

(b) the entry of an order converting the Case to a case under chapter 7 of the Code or dismissing the Case; (c) the effective date of any plan of reorganization or liquidation confirmed in the Case; (d) ninety (90) calendar days after the date of this Order unless extended in writing by Postpetition Agent; or (e) the closing date of a sale of all or substantially all of the Collateral pursuant to Code § 363.

49.     ***Trustee.***   Any trustee, examiner with expanded powers, or other responsible person appointed or elected for or with respect to Debtors appointed or elected in the Case.

50.     ***UST Fees.***  Collectively, all fees required to be paid by Debtors to the Clerk of the Bankruptcy Court or the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a) that accrue prior to the Termination Date.

# EXHIBIT B

**BUDGET**

**(See Attached)**

## **EXHIBIT C**

**POSTPETITION LOAN AGREEMENT**

**(See Attached)**

**EXHIBIT B**

BLACKLINE PROPOSED FINAL DIP ORDER

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **ENESCO GROUP, INC., et al.**[1] | ) | **Case Nos. 07-00565 (ABG)** |
| | ) | |
| | ) | **Jointly Administered** |
| Debtors. | ) | |

**~~FINAL~~ ORDER AUTHORIZING DEBTORS TO:<
>(A) INCUR POSTPETITION
DEBT<~~PENDING FINAL HEARING;~~
>:~~.~~(B) GRANT LIENS AND PROVIDE SECURITY AND OTHER RELIEF TO
WELLS FARGO FOOTHILL, INC., AS AGENT; AND (C) GRANT ADEQUATE
PROTECTION TO THE PREPETITION AGENT AND PREPETITION LENDERS**

This matter came before this Court on the motion ("Motion") of Enesco Group, Inc.,

Gregg Manufacturing, Inc. and Enesco International Ltd. (each individually, a "Debtor" and

collectively, the "Debtors"), requesting that this Court enter an order authorizing Debtors to,

among other things:  (a) incur Postpetition Debt; (b) grant liens and other relief to Wells Fargo

Foothill, Inc., as Postpetition Agent for the benefit of itself and the other Postpetition Lenders, (c)

use a portion of the proceeds of the Postpetition Debt to satisfy the Prepetition Debt, and (d) grant

adequate protection to Prepetition Agent and Prepetition Lenders.  Unless otherwise indicated, all

capitalized terms used as defined terms herein have the meanings ascribed thereto in Exhibit A

attached hereto and by this reference are made a part hereof.

This Order shall constitute findings of fact and conclusions of law pursuant to Fed.

R. Bankr. P. 7052 and shall take effect and be fully enforceable immediately upon entry.

Having examined the Motion, being fully advised of the relevant facts and

circumstances surrounding the Motion and having completed a hearing pursuant to Code §§ 105,

---

[1]   The Debtors consist of Enesco Group Inc., Enesco International Limited, and Gregg Manufacturing, Inc.

C:\My Documents\ENESCO Financing_Order(BM cmts 1-20).doc

362, 363 and 364 and Federal Rules of Bankruptcy Procedure 4001(c) and (d), and objections, if

any, having been withdrawn, resolved or overruled by the Court, **THE MOTION IS GRANTED,**

**AND THE COURT HEREBY FINDS THAT:**

        A.      On the Filing Date, Debtors filed voluntary petitions for relief under chapter

11 of the Code.  Debtors have retained possession of their property and continue to operate their

businesses as debtors in possession pursuant to Code §§ 1107 and 1108.

        B.      The Court has jurisdiction over the Case and this proceeding pursuant to 28

U.S.C. § 1334.  Determination of the Motion constitutes a core proceeding as defined in 28 U.S.C.

§ 157(b)(2).  Venue over this Motion is proper under 28 U.S.C. § 1409(a).

        C.      Debtors are unable to obtain unsecured credit allowable under Code §

503(b)(1) sufficient to finance the operations of Debtors' businesses.  Even if Debtors were

authorized to use all available cash collateral upon a showing of adequate protection of the

interests therein of the Prepetition Agents and Prepetition Lenders, such cash collateral would be

insufficient to provide Debtors with the working capital sufficient to finance the operation of

Debtors' businesses.  Debtors are unable to obtain credit allowable under Code §§ 364(c)(1), (c)(2)

or (c)(3) on terms more favorable than those offered by Postpetition Agent and Postpetition

Lenders.

        D.      Prepetition Agents and Prepetition Lenders are unwilling to consent to the

grant of a security interest in the Prepetition Collateral to Postpetition Agent and Postpetition

Lenders with priority over the security interests therein pursuant to Code § 364(d) unless, as

adequate protection of their interests in the Prepetition Collateral, the Postpetition Debt is used, in

part, to indefeasibly (except as otherwise provided herein) pay, satisfy, discharge and extinguish

the Prepetition Debt in full.  Any attempt by Debtors to use cash collateral or grant Postpetition

Agent and Postpetition Lenders a lien on the Prepetition Collateral with priority over the security interests of Prepetition Agent and Prepetition Lenders therein over objections would consume time and resources of Debtors at a crucial time, and would not be in the best interests of Debtors or their creditors.

E.      Postpetition Agent and Postpetition Lenders have indicated a willingness to extend the Postpetition Debt, but only on the terms and conditions set forth in this Order and the Postpetition Documents.  Under the circumstances of this Case, the terms and conditions of this Order are a fair and reasonable response to Debtors' request to incur Postpetition Debt, and the entry of this Order is in the best interests of Debtors' estates and creditors.  Such terms and conditions have been negotiated in good faith and at arms' length, and the Postpetition Debt is being extended in good faith, as that term is used in Code § 364(e).

F.      Subject to Paragraph 8(b) of this Order, Debtors have stipulated and represented to the Court that: (1) the Prepetition Loan Documents evidence and govern the Prepetition Debt, the Prepetition Liens and the prepetition financing relationship among Debtors, Prepetition Agent and Prepetition Lenders, and are valid and enforceable by Prepetition Agent and Prepetition Lenders against Debtors in accordance with the Prepetition Loan Documents; (2) as of the Filing Date and based upon the facts and circumstances as of the date of entry of this Order, Debtors are liable for payment of the Prepetition Debt, and the Prepetition Debt shall be an allowed secured claim under the Code, in an amount not less than, exclusive of accrued interest, letter of credit fees, other fees, and expenses, $54.6 million (of which approximately $2 million consists of contingent letter of credit obligations); (3) the Prepetition Debt constitutes the legal, valid and binding obligations of Debtors, enforceable in accordance with the terms of the Prepetition Loan Documents; (4) no offsets, defenses or counterclaims to the Prepetition Debt

exist, and no portion of the Prepetition Debt is subject to avoidance, equitable subordination, recharacterization or other challenge pursuant to the Code or applicable nonbankruptcy law; (5) the Prepetition Liens, among other things, have been granted in substantially all of the Debtors' assets, including cash, and secure payment of all of the Prepetition Debt; (6) the Prepetition Liens are First Priority Liens, subject to Prepetition Permitted Liens and the terms of the Prepetition Loan Documents; and (7) as of the Filing Date and based upon the facts and circumstances as of the date of entry of this Order, the amount of Prepetition Debt is fully secured by the value of the Prepetition Collateral as of the Filing Date.

      G.      Subject to Paragraph 8(b) of this Order, the Debtors  have further stipulated and represented to the Court that, in connection with the Debtors' and their affiliates' efforts to restructure and obtain postpetition financing, Prepetition Agent and Prepetition Lenders have made numerous good faith contributions and concessions, including, without limitation: (a) the agreement to accept the Agreed Amount as a discounted payment in satisfaction of the outstanding fully secured claims for principal, interest, fees and expenses under the Prepetition Loan Documents; (b) the consent to permit the Debtors' to use cash collateral to fund their outstanding payroll obligations on the Filing Date; (c) the consent (pursuant to the terms and conditions of this Order) to the postpetition financing and the superpriority liens and claims granted to Postpetition Agent and Postpetition Lenders hereunder, which consent is an integral component to facilitate this essential funding for the Debtors' estates; (d) forbearing from exercising default remedies and numerous other accommodations, including additional financing provided to the Debtors and their affiliates before the Filing Date to facilitate the payment of unsecured and trade creditors and the continuation of the Debtors' operations; and (e) forbearing from exercising their default remedies against the Debtors' and the Debtors' non-debtor foreign affiliates (both after the expiration of the

Termination Date (as defined in the Prepetition Credit Agreement) and after the Filing Date not

seeking relief from the automatic stay), the exercise of which could have impaired the Debtors'

ability to obtain postpetition financing.

H.      After entry of the Interim Order, the Debtors provided notice of the Interim

Order, the releases provided in Paragraph 8(a), the Challenge Period, the 506(c) waiver, the

deadline to object to the Interim Order and the Final Hearing (as defined in the Interim Order): (i)

by first class mail to all known creditors and holders of interests in the Debtors; (ii) by publication

in the New York Times and the Chicago Tribune; (ii) by posting on the Debtors' website and the

website of the Debtors' claims and noticing agent, BSI, LLC; and (iv) through The Depository

Trust Company to all holders of the Debtors' outstanding public securities.

I.      <H. An immediate need exists forThe Debtors need to obtain the

Postpetition Debt in accordance with the terms of this Order to minimize disruption to and avoid

the termination of their business operations, and to maximize the value of the Prepetition

Collateral for the benefit of the Debtors and their estates.<In order to prevent immediate and

irreparable harm to Debtors' estates pending the Final Hearing, Debtors need to incur Postpetition

Debt on an emergency basis as provided herein through the conclusion of such Final Hearing.>

J.      >On January 22, 2007, the Court entered the Interim Order, granting the

Motion pending a final hearing in accordance with Fed. R. Bankr. P. 4001(c)(2).

K.      <I. In accordance with Local Rule 4001-2, extraordinary circumstances

exist to grant the highlighted provisions of this Order.

L.      <J. The notice provided by Debtors of the Motion, the hearing on the

Motion, and the entry of this Order satisfy the requirements of Fed. R. Bankr. P. 4001(c), 4001(d)

and 9014 and Code §§ 102(1) and 364 and were otherwise sufficient and appropriate under the

circumstances.

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

1.      <u>Authorization to Incur Postpetition Debt</u>.

(a)      <u>Postpetition Documents</u>. Debtors are hereby authorized to: (i) execute and deliver the Postpetition Documents to the extent not previously executed and delivered to Postpetition Agent, including all documents that the Postpetition Agent and Postpetition Lenders deem necessary to implement the transactions contemplated by the Postpetition Documents; and (ii) perform each of their obligations under and comply with all of the terms and provisions of the Postpetition Documents and this Order.  The Postpetition Documents and all of the terms and conditions thereof are hereby approved in their entirety and, upon execution and delivery thereof, the Postpetition Documents shall constitute valid and binding obligations of Debtors, enforceable in accordance with their terms.  The Prepetition Agent and Prepetition Lenders will not at any time after entry of this Order exercise any right of setoff or control against any Postpetition Collateral with respect to any Prepetition Debt, except as otherwise permitted by this Order or further order of Court with respect to the Cash Management Accounts, the L/C Collateral and the Prepetition Indemnity Account.

(b)      <u>Payment of Agreed Amount of Prepetition Debt</u>. Debtors are hereby authorized to incur Postpetition Debt under Section 2.1 (Revolver Advances) of the Postpetition Loan Agreement to (i) upon the Repayment Date, pay the Agreed Amount of Prepetition Debt subject to Paragraph 8(b) and the other provisions of this Order and (ii) after the Repayment Date, for all other purposes in accordance with the Postpetition Documents and this Order.  <u>The Repayment Date, and payment in full of the Agreed Amount, shall be deemed to have occurred on, and effective as of, January 23, 2007.</u>  Upon the Repayment Date, payment of the Agreed Amount of Prepetition Debt shall (i) be deemed to indefeasibly (except as otherwise provided herein)

satisfy, discharge, pay and extinguish all Prepetition Debt other than the Continuing

<del>\<Indemnity\></del><u>Indemnification</u> Obligations, any Reinstated Prepetition Debt and any L/C Liability

(as defined in the Prepetition Credit Agreement as of the Filing Date, including any other

obligation related thereto accruing before or after the Filing Date) and (ii) become final and

binding on all parties in interest in the Case and their respective successors and assigns, including,

without limitation, any Trustee, unless any Committee timely files with the Court a challenge to

either the Prepetition Debt or the Prepetition Liens securing the Prepetition Debt in accordance

with Paragraph 8(b) of this Order.  Prepetition Agent is directed, upon the Repayment Date, to

execute and deliver to Postpetition Agent such releases, waivers and terminations which

Postpetition Agent deems necessary or desirable from time to time to extinguish the Prepetition

Liens (except for Continuing Prepetition Liens); provided, however, Debtors shall reimburse

Prepetition Agent and Prepetition Lenders for all costs and reasonable expenses incurred by

Prepetition Agent and/or Prepetition Lenders in connection with such releases, waivers and

terminations. If such a challenge is timely filed (and the challenger either succeeds in obtaining a

final, non-appealable judgment/order or order approving a settlement), all Reinstated Prepetition

Debt shall be remitted to the Debtors as Cash Proceeds and held in a segregated interest bearing

account as designated by Postpetition Agent, pending further order of this Court.  Notwithstanding

payment of the Agreed Amount, the Continuing <del>\<Indemnity\></del><u>Indemnification</u> Obligations shall

remain in full force and effect in accordance with the Prepetition Loan Document and shall be

secured by the Replacement Liens and  the Prepetition Indemnity Account and shall have the

benefit of the Prepetition Superpriority Claim, in each case in accordance with the terms hereof.

Payment of the Agreed Amount of the Prepetition Debt is in full and final satisfaction of any and

all amounts due and owing to the Prepetition Agent and the Prepetition Lenders other than the

Continuing <s>Indemnity Claims</s><u>Indemnification Obligation</u>, L/C Liability and the Prepetition

Reinstated Debt, subject to the limitations set forth in Paragraph 1(h) herein or otherwise as

provided in this Order.

       (c)    <u>Prepetition Letters of Credit</u>.  Pursuant to the terms of the

Postpetition Loan Agreement and the Prepetition Credit Agreement, on the Repayment Date

Debtors may incur Postpetition Debt in order to deliver cash to the Prepetition Agent as collateral

("L/C Collateral") to be segregated and held by Prepetition Agent solely to secure Debtors'

obligations with respect to extant letters of credit and bankers' acceptances issued under the

Prepetition Loan Documents (the "Prepetition Letters of Credit").  The L/C Collateral shall be in

an amount not to exceed 105% of the face amount of the Prepetition Letters of Credit outstanding

on the Repayment Date.  Prepetition Agent shall be deemed to have a First Priority Lien in and to

L/C Collateral.  Subject only to Prepetition Agent's lien as described in the preceding sentence, the

L/C Collateral shall be deemed to be Postpetition Collateral for all purposes under this Order.  As

and to the extent any Prepetition Letters of Credit are returned,  expire or the face amount thereof

are otherwise reduced, Prepetition Agent shall remit to Postpetition Agent, as Cash Proceeds, L/C

Collateral equal to 105% of the amount of such replacement, expiration or reduction.  The L/C

Collateral shall otherwise remain in a segregated account held by Prepetition Agent until all

Prepetition Letters of Credit have expired or have been returned and all other L/C Liability (as

defined above) has been paid in full.  Thereafter, Prepetition Agent shall remit any remaining L/C

Collateral, plus accrued interest thereon, to Postpetition Agent to be applied in accordance with

Paragraph 6(a) hereof.   The Prepetition Agent and/or the Prepetition Lenders are hereby

authorized to apply L/C Collateral in payment and satisfaction of a L/C Liability without any

further order of the Court notwithstanding the automatic stay under § 362 of the Code.  The

Prepetition Agent will give notice to the Postpetition Agent of any such application.

      (d)     <u>Other Permitted Uses of Postpetition Debt</u>. Without limiting the

foregoing, Debtors are hereby authorized to incur Postpetition Debt: (i) solely in accordance with

and pursuant to the terms and provisions of this Order and the Postpetition Documents; and (ii)

solely to the extent required to pay those expenses enumerated in the Budget as and when such

expenses become due and payable.  Notwithstanding anything to the contrary in this Paragraph

1(d), however: (i) Debtors are hereby authorized and directed to incur Postpetition Debt to pay the

Postpetition Charges, the Retained Professionals Carveout and the UST Fees when due and

payable; and (ii) if Postpetition Agent advances monies to Debtors and Debtors use such monies

other than in accordance with the terms and provisions of this Order or the Postpetition Documents,

such advances shall be considered Postpetition Debt for purposes of this Order.  Each Debtor shall

be jointly and severally liable for all Postpetition Debt pursuant and subject to the terms of the

Postpetition Documents.

      (e)     <u>Amendment</u>.  Subject to the terms and conditions of the Postpetition

Loan Agreement and the Postpetition Documents, Debtors, Postpetition Agent and Postpetition

Lenders may amend, modify or supplement any provision of the Postpetition Documents without

notice and hearing or order of the Court, provided that (i) such amendments, modifications or

supplements do not materially and adversely affect, in the reasonable view of Debtors, after

consultation with any Committee, the rights of any creditor or other party-in-interest, (ii) notice of

any such amendment, modification or supplement is filed with the Court and (iii) written notice of

any such amendment, modification or supplement (other than those which in the reasonable view

of Debtors are ministerial, technical or do not adversely affect Debtors), if any, are provided,  at

least three (3) business days in advance of their effectiveness to counsel for the Committee, all parties entitled to notice of pleadings by rule or order of the Court, and the United States Trustee. Debtors also shall provide notice of any such amendment, modification or supplement to the Prepetition Agent.

(f)   Adequate Protection of Reinstated Prepetition Debt and Continuing Indemnification Obligations.  To secure the payment of the Reinstated Prepetition Debt, if any, and the Continuing Indemnification Obligations and as adequate protection of the interests of the Prepetition Agent and the Prepetition Lenders with respect to Continuing Indemnification Obligations, Prepetition Agent is hereby granted, for the benefit of itself and the Prepetition Lenders, (i) the Replacement Liens as security for the Continuing Indemnification Obligations and any Reinstated Prepetition Debt; provided that such Replacement Liens shall not attach to any claims or recoveries under Chapter 5 of the Bankruptcy Code, (ii) the Prepetition Superpriority Claim as administrative priority for any Reinstated Prepetition Debt, provided that such Prepetition Superpriority Claim shall not be payable from any claims or recoveries under Chapter 5 of the Bankruptcy Code, and (iii) the Prepetition Indemnity Account as security for the Continuing Indemnification Obligations.  Prepetition Agent shall be deemed to have a First Priority Lien in and to the Prepetition Indemnity Account and Postpetition Agent shall be deemed to have a Second Priority Lien in and to the Prepetition Indemnity Account, subject and subordinate in all respect to the First Priority Lien of Prepetition Agent.  In connection with a sale, lease or other disposition of all or substantially all of the Postpetition Collateral (the "Sold Collateral") approved by the Court in accordance with Code § 363 or § 1129 with the written consent of Postpetition Agent, Prepetition Agent and Prepetition Lenders shall be obligated to consent to such disposition free and clear of the Replacement Liens and Continuing Prepetition

Liens (other than the Excluded Foreign Liens) and to otherwise release and terminate such

Replacement Liens and Continuing Prepetition Liens (other than Excluded Foreign Liens) so long

as (i) the Repayment Date has occurred, (ii) Postpetition Agent consents to such sale at a time

when Postpetition Debt or commitments under the Postpetition Documents remain outstanding

and (iii) Prepetition Agent retains the Prepetition Indemnity Account, L/C Collateral, the

Prepetition Superpriority Claim, the Replacement Liens (on Postpetition Collateral other than the

Sold Collateral) and the Excluded Foreign Liens, in each case in accordance with the terms hereof;

provided that (y) the Prepetition Agent's Replacement Liens on Postpetition Collateral that is not

Sold Collateral and (z) the Prepetition Superpriority Claim shall be deemed waived or terminated

on the Challenge Period Termination Date if no Potential Prepetition Lender Cause of Action has

been filed by the Committee or any other party in interest.  Prepetition Agent is directed, upon the

funding of the Prepetition Indemnity Account, to execute and deliver to Postpetition Agent such

releases, waivers and terminations which Postpetition Agent deems necessary or desirable from

time to time to extinguish the Replacement Liens (with respect to Sold Collateral) and the

Continuing Prepetition Liens (other than Excluded Foreign Liens); provided, however, Debtors

shall reimburse Prepetition Agent and Prepetition Lenders for all costs and reasonable expenses

incurred by Prepetition Agent and Prepetition Lenders in connection with such releases, waivers

and terminations.< ~~In addition, Debtors hereby consent and agree (which consent and agreement~~

~~the Court hereby approves) that, if the Repayment Date does not occur on or before 4:00 p.m.~~

~~Chicago time on January 23, 2007 (or such later date as may be agreed to in writing by Prepetition~~

~~Agent and Prepetition Lenders), (a) the Termination Date shall occur hereunder and Debtors shall~~

~~not be authorized to borrow Advances (as defined under the Postpetition Loan Credit Agreement)~~

~~and (b) the Prepetition Agent and the Prepetition Lenders consent to permit Cash Proceeds to be~~

~~used to pay fees or expenses incurred for services rendered by Retained Professionals on or before January 30, 2007, whether or not such fees and expenses have been allowed and whether or not such an application for payment of such fees and expenses has been filed, in an aggregate amount not to exceed $625,000; provided however, that such funds shall be subject to (a) the restrictions set forth in Paragraph 4(c) hereof and (b) a $50,000 limitation for the same purpose set forth in Paragraph 8(b) hereof.~~ >

(g)    <u>Wind-down Carveout</u>.    Notwithstanding anything to the contrary herein, the Postpetition Liens, Postpetition Debt, Replacement Liens and Prepetition Superpriority Claim shall not attach to, and shall be subordinate in all respects to, the Wind-down Fund as defined and provided under the asset purchase agreement between the Debtors and EGI Acquisition LLC; provided however that neither the Wind-down Fund nor its proceeds shall be used in any way, directly or indirectly, to assert any claim, challenge, objection, cause of action, defense, lawsuit or other act or proceeding against the Prepetition Agent or the Prepetition Lenders or in any way relating to the Prepetition Debt, the Prepetition Loan Documents or any of the rights granted to the Prepetition Agent or the Prepetition Lenders under this Order.

(h)    <u>Limitation on Reinstated Prepetition Debt</u>.    Notwithstanding anything to the contrary herein, any Reinstated Prepetition Debt shall be reinstated with the same validity, priority and extent of such Reinstated Prepetition Debt as of the Filing Date or with that validity, priority and extent established by any finding or judgment by final order.  Furthermore, any portion of any Reinstated Prepetition Debt that arises from the finding and judgment by a final order that any portion of the Prepetition Liens were subject to avoidance under the Code or were not valid or enforceable liens, shall not have the benefit of being secured by Replacement Liens.

2.      <u>Procedures for Use of Cash Proceeds</u>.

(a)      <u>Delivery of Cash Proceeds to Postpetition Agent</u>.    Debtors are authorized and directed to deposit all Cash Proceeds, regardless of the source thereof, now or hereafter in their possession or under their control into the Cash Management Accounts (or to otherwise deliver all such Cash Proceeds to Postpetition Agent in a manner satisfactory to Postpetition Agent) promptly upon receipt thereof.    Postpetition Agent shall apply all Cash Proceeds in accordance with Paragraph 6(a) of this Order.

(b)      <u>Account Debtors</u>. Without further order of court, Debtors are hereby directed to instruct all account debtors of existing and future accounts receivable included in the Postpetition Collateral to make payments directly into the Cash Management Accounts or such other accounts satisfactory to Postpetition Agent, in which event all such Cash Proceeds shall be treated in accordance with this Order.

(c)      <u>Cash Proceeds in Postpetition Agent's Possession</u>.    Subject to the terms of the cash management agreements with respect to the Cash Management Accounts and the other terms hereof, Postpetition Agent is authorized to collect upon, convert to Cash Proceeds and enforce checks, drafts, instruments and other forms of payment now or hereafter coming into its possession or under its control which constitute Postpetition Collateral or proceeds of Postpetition Collateral.

3.      <u>Superpriority Administrative Expense Status; Postpetition Liens</u>.    The Postpetition Debt is hereby granted superpriority administrative expense status under Code § 364(c)(1), with priority over all costs and expenses of administration of the Case that are incurred under any provision of the Code, other than the Retained Professionals Carveout and the UST Fees. In addition, Postpetition Agent is hereby granted, pursuant to Code §§ 364(c)(2), 364(c)(3), and

364(d), for the benefit of itself and each Postpetition Lender, the Postpetition Liens to secure the Postpetition Debt. The Postpetition Liens: (a) are and shall be First Priority Liens, subject only to Postpetition Permitted Liens, without any further action by Debtors, Postpetition Agent, or Postpetition Lenders and without the execution, filing or recordation of any financing statements, security agreements, mortgages or other documents or instruments; (b) shall not be subject to any security interest or lien which is avoided and preserved under Code § 551; and (c) shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of the Case.  For the avoidance of doubt, the Postpetition Liens are and shall remain First Priority Liens with priority over the Prepetition Liens in favor of Prepetition Agent and Prepetition Lenders.  Notwithstanding the foregoing, Debtors are authorized and directed to execute and deliver to Postpetition Agent such security agreements, financing statements, mortgages, instruments, bank account agency agreements and other documents as Postpetition Agent may deem reasonably necessary or desirable from time to time.  Any such security agreements, financing statements, mortgages, instruments, or other documents filed by Postpetition Agent shall be deemed to have been filed as of the date of the Motion.  Postpetition Agent may file a copy of this Order in any filing or recording office in any county or other jurisdiction in which any Debtor has real or personal property consisting of Postpetition Collateral and such filing or recording shall be accepted and shall constitute further notice of lien and evidence of perfection of Postpetition Agent's and Postpetition Lenders' interest in the Postpetition Collateral.

4. <u>Carveout Terms</u>.

(a)   The Retained Professionals Carveout shall be an amount equal to (i) prior to the Termination Date, the accrued and unpaid amounts for Retained Professionals not to exceed the amounts therefor in the Budget (<u>which, in the case of Retained Professionals of the</u>

Committee shall be an amount not less than $_____$), plus (ii) $150,000 for payment of fees and expenses of Retained Professionals accruing after the Termination Date. The amount of the Retained Professionals Carveout shall be reduced on a dollar for dollar basis by any payments of such fees or expenses made on or after the Termination Date. Upon the Termination Date and prior to any payment of such fees or expenses from the Retained Professionals Carveout, all prepetition retainers shall be used to pay such fees and expenses of Retained Professionals (provided such prepetition retainers shall not reduce the Retained Professionals Carveout). Postpetition Agent shall have the right to establish reserves in accordance with the Postpetition Loan Agreement with respect to the Retained Professionals Carveout. Upon the Termination Date, and with the sole exception of the Retained Professionals Carveout, Postpetition Agent shall have no obligation to fund any fees or expenses of the Retained Professionals accrued prior to, on or after the Termination Date. On the Termination Date, any accrued and unpaid amounts described in clause (a)(i) above, together with the $150,000 amount set forth in clause (a)(ii) above, shall be funded by the Postpetition Agent into an escrow account established for the benefit of the Retained Professionals.

(b)     The Retained Professionals Carveout shall not include, and no Postpetition Debt or Postpetition Collateral may be used to pay, any fees or expenses incurred by any entity, including any Debtor, any Committee or any of the Retained Professionals, in connection with claims, actions or services adverse to Postpetition Agent, Postpetition Lenders, or any of their interests in any of the Postpetition Collateral, including, but not limited to: (i) preventing, hindering or delaying enforcement or realization by Postpetition Agent upon any of the Postpetition Collateral after an Event of Default has occurred; (ii) moving or requesting, or assisting any other party's complaint, motion or request, to impose the surcharge provisions of

Code § 506(c), the enhancement of collateral provisions of Code § 552, or any other legal or equitable doctrine (including unjust enrichment) upon any of Postpetition Agent, Postpetition Lender, or any of the Prepetition Collateral or Postpetition Collateral; (iii) using or seeking to use Cash Proceeds or selling any Postpetition Collateral without the consent of Postpetition Agent; (iv) incurring indebtedness without the consent of Postpetition Agent, except as expressly permitted by the Postpetition Documents; or (v) advancing objections to or contesting in any manner, or in raising any defenses to, the validity, extent, amount, perfection, priority or enforceability of the Postpetition Debt, or the Postpetition Liens or any other rights or interests of Postpetition Agent, or Postpetition Lenders, or in asserting any claims or causes of action, including any actions under chapter 5 of the Code, against Postpetition Agent or Postpetition Lenders.

(c)    No portion of the Retained Professionals Carveout may be used to litigate, object, contest or challenge in any manner or raise any claims or defenses (i) against the Prepetition Agent or the Prepetition Lenders or (ii) to the Prepetition Debt or Prepetition Collateral, whether by challenging the validity, extent, amount, perfection, priority or enforceability of the indebtedness under the Prepetition Credit Agreement or the validity, perfection or priority of any mortgage, security interest or lien with respect thereto or any other rights, interests, superpriority claims or replacement liens with respect thereto or any other rights or interests of the Prepetition Agent and the Prepetition Lenders, or by seeking to subordinate or recharacterize the Prepetition Credit Agreement or Prepetition Loan Documents or disallow any claim, mortgage, security interest, lien, or replacement lien or by asserting any claims or causes of action, including, without limitation, any actions under Chapter 5 of the Code, against the Prepetition Agent, the Prepetition Lenders, or any of their respective Representatives.

(d)    Nothing herein shall be construed as consent to the allowance of any

fees, costs or expenses of the Retained Professionals, or shall affect the right of Postpetition Agent,

any Postpetition Lenders, Prepetition Agent or any Prepetition Lender to object to the allowance

and payment of such fees, costs or expenses.  Subject to the limitations and conditions contained in

Paragraph 4(a), Postpetition Agent and Postpetition Lenders shall fund such allowable Retained

Professionals Carveout upon allowance of any fees and expenses incurred by the Retained

Professionals and upon termination of all commitments under the Postpetition Loan Agreement,

Any amount paid by Postpetition Agent and Postpetition Lenders in respect of the Retained

Professionals Carveout shall be Postpetition Debt and payment of the Retained Professionals

Carveout shall not reduce or be deemed to reduce the Postpetition Debt.

5.    Termination of Right To Incur Postpetition Debt.

(a)    Termination Date.  Unless extended by the Court upon the written

agreement of Postpetition Agent, this Order and Debtors' authorization to incur Postpetition Debt

pursuant to this Order will automatically terminate on the Termination Date without further notice

or order of Court, provided that, Postpetition Agent and Postpetition Lenders shall have no

obligation to lend or advance any additional funds to or on behalf of Debtors, or provide any other

financial accommodations to Debtors, immediately upon or after the occurrence of a Default (as

defined in the Postpetition Loan Agreement) or an Event of Default.

(b)    Rights Upon Termination.  Upon the Termination Date, without

further notice or order of the Court, at the election of Postpetition Agent, the Postpetition Debt

shall be immediately due and payable by Debtors.  **On the fourth (4th) Business Day after**

**giving written notice of the Termination Date to the Debtors' counsel and the Committee's**

**counsel: (i) at the election of Postpetition Agent, without further order of the Court,**

**Postpetition Agent shall have automatic and immediate relief from the automatic stay with respect to the Postpetition Collateral (without regard to the passage of time provided for in Fed. R. Bankr. P. 4001(a)(3)), and shall be entitled to exercise all rights and remedies available to it under the Postpetition Documents and applicable nonbankruptcy law with respect to the Postpetition Collateral**; (ii) subject to the Postpetition Permitted Liens, Debtors shall be prohibited from using any Cash Proceeds for any purpose other than application to the Postpetition Debt in accordance with Paragraph 6(a) of this Order, until the Postpetition Debt is indefeasibly and finally paid in full; (iii) Postpetition Agent shall be entitled to apply or set off any Cash Proceeds in Postpetition Agent's possession or control to the Postpetition Debt in accordance with Paragraph 6(a) of this Order, until such Postpetition Debt is indefeasibly and finally paid in full; and (iv) Debtors shall be authorized and directed to surrender the Postpetition Collateral and to otherwise cooperate to assist Postpetition Agent in the exercise of the rights and remedies available to Postpetition Agent under the Postpetition Documents and applicable nonbankruptcy law with respect to the Postpetition Collateral.  Notwithstanding the foregoing, during the three (3) Business Day period following the Termination Date, Debtors or any other party in interest shall have the right to obtain an order of this Court determining that the Termination Date has not occurred.

6.    <u>Additional Consideration For Postpetition Debt</u>.    As additional consideration for the extension of the Postpetition Debt:

(a)    <u>Application of Cash Proceeds</u>.  Subject to the Postpetition Permitted Liens, Postpetition Agent is authorized and directed to apply all Cash Proceeds and all monies received from Prepetition Lender under Paragraph 1(b) (to the extent not required in this Order to be deposited into escrow) or 1(c) of this Order, now or hereafter coming into Postpetition Agent's

possession or control, in accordance with the terms of the Postpetition Loan Agreement.  All such applications shall be final and not subject to challenge by any person, including any Trustee.

(b)   <u>Prohibition Against Use of Cash Collateral</u>.  Debtors will not use or seek to use Cash Proceeds except as permitted hereby, unless, in addition to the satisfaction of all requirements of Code § 363 for the use of such Cash Proceeds: (i) Postpetition Agent has consented to such order authorizing such use; (ii) at the time of the entry of such an order, there is no Postpetition Debt outstanding, and no obligation of Postpetition Agent or any Postpetition Lender to extend additional Postpetition Debt; or (iii) such Cash Proceeds are first used to immediately, indefeasibly and finally pay the Postpetition Debt in cash in full.

(c)   <u>Prohibition Against Additional Debt</u>.  Debtors will not incur or seek to incur debt secured by a lien which is equal to or superior to the Postpetition Liens, or which is given superpriority administrative expense status under Code § 364(c)(1), unless, in addition to the satisfaction of all of the requirements of Code § 364 for the incurrence of such debt: (i) Postpetition Agent has consented to such order; (ii) at the time of the entry of such an order, there is no Postpetition Debt outstanding and no obligation of Postpetition Agent or any Postpetition Lender to extend additional Postpetition Debt; or (iii) such credit or debt is first used to immediately, indefeasibly and finally pay the Postpetition Debt in cash in full.

(d)   <u>Prohibition Against Non-Ordinary Course Dispositions</u>.  Except as otherwise permitted by the Postpetition Documents, Debtors may not sell, lease or otherwise dispose of any Postpetition Collateral outside the ordinary course of business without Postpetition Agent's prior written consent, including the compromise, adjustment or modification of the amount of any Debtor's accounts receivable.

(e)    **No Surcharge.  At no time during the Case shall the surcharge provisions of Code § 506(c), the enhancement of collateral provisions of Code § 552, or any other legal or equitable doctrine (including unjust enrichment) be imposed upon Postpetition Agent, any Postpetition Lender, any of the Postpetition Collateral by or for the benefit of any party in interest, including, Debtors, any of the Retained Professionals, or any Trustee.  At no time during the Case shall the surcharge provisions of Code § 506(c), the enhancement of collateral provisions of Code § 552, or any other legal or equitable doctrine (including unjust enrichment) be imposed upon Prepetition Agent, any Prepetition Lender, any of the Prepetition Collateral, the Prepetition Indemnity Account, the Prepetition Superpriority Claim or any of the Postpetition Collateral subject to Replacement Liens, by or for the benefit of any party in interest, including, Debtors, any of the Retained Professionals, or any Trustee**<~~. Notwithstanding anything herein to the contrary, this provision shall not be binding until the entry of the Final Order provided that the Debtors have given notice in accordance with Paragraph 8(c) herein and any objections have been overruled by the Court~~>.

(f)    Release.  Upon the indefeasible payment in full of all Obligations owed to Postpetition Agent and Postpetition Lenders and termination of the rights and obligations arising under the Postpetition Documents and this Order (which payment and termination shall be on terms and conditions acceptable to Postpetition Agent), Postpetition Agent and Postpetition Lenders shall be released from any and all obligations, liabilities, actions, duties, responsibilities and causes of action arising or occurring in connection with or related to the Postpetition Documents and this Order (except for any obligation or responsibility (whether direct or indirect, absolute or contingent, due or not due, primary or secondary, liquidated or unliquidated) to pay or

otherwise fund the Retained Professionals Carveout and any UST Fees), on terms and conditions acceptable to Postpetition Agent.

       7.    <u>Miscellaneous Provisions</u>.

       (a)    <u>Force and Effect of Postpetition Documents</u>.  To the extent there exists any conflict among the Motion, the Postpetition Documents, and the terms of this Order, this Order shall govern and control.

       (b)    **<u>Modification of Stay</u>.   The automatic stay of Code § 362 is hereby modified with respect to Postpetition Agent and Postpetition Lenders to the extent necessary to effectuate the provisions of this Order and the Postpetition Documents, including, after the Termination Date, to permit Postpetition Agent to exercise its rights contemplated by Paragraph 5(b) above**.

       (c)    <u>Financial Information</u>.  Debtors are hereby directed to deliver to Postpetition Agent, Postpetition Lenders and the Committee such financial and other information and reports concerning the business and affairs of Debtors and any of the Postpetition Collateral as may be required pursuant to the Postpetition Documents and as Postpetition Agent, Postpetition Lenders and the Committee shall reasonably request from time to time. Debtors are also directed to allow Postpetition Agent and all Postpetition Lenders access to their premises in accordance with the terms of the Postpetition Documents.  The Debtors shall also provide the Committee and its representatives with reasonable access to their premises.

       (d)    <u>Sale of Collateral; Right to Credit Bid</u>.  In all events, pursuant to Code § 363(k), Postpetition Agent shall have the right to use the Postpetition Debt to credit bid with respect to any bulk or piecemeal sale of all or any portion of the Postpetition Collateral.  Upon the closing of a sale of all or any portion of the Collateral, the proceeds thereof shall be remitted to

Postpetition Agent for application to the Postpetition Debt in accordance with Paragraph 6(a) of this Order.

(e)    <u>Waiver of Right to Return/Consent to Setoff</u>.  Effective upon entry of <s>\<this\></s><u>the Interim</u> Order, Debtors hereby waive their rights: (1) to return any of the Postpetition Collateral pursuant to Code § 546(h); and (2) to consent to setoff pursuant to Code § 553 with respect to any "Accounts" (as defined in the Postpetition Loan Agreement) at any time.

(f)    <u>Indemnification</u>.    Debtors shall indemnify and hold harmless Postpetition Agent and Postpetition Lenders pursuant to terms of the Postpetition Loan Agreement.

(g)    <u>No Marshaling</u>.  None of Postpetition Agent, Postpetition Lenders or the Postpetition Collateral shall be subject to the doctrine of marshaling.

(h)    <u>No Waiver</u>.    The failure of any of Postpetition Agent, any Postpetition Lender, Prepetition Agent or any Prepetition Lender, at any time or times hereafter, to require strict performance by Debtors (or by any Trustee) of any provision of this Order or the Postpetition Documents shall not waive, affect or diminish any right of such party, as the case may be, thereafter to demand strict compliance and performance therewith.  No delay on the part of any of Postpetition Agent, any Postpetition Lender, Prepetition Agent or any Prepetition Lender, in the exercise of any right or remedy under this Order or the Postpetition Documents shall preclude any other or further exercise of any right or remedy.  None of the Postpetition Agent, any Postpetition Lender, Prepetition Agent or any Prepetition Lender shall be deemed to have suspended or waived any of such party's rights or remedies under this Order, the Postpetition Documents, the Prepetition Loan Documents, the Code, or other applicable law unless such suspension or waiver is in writing, signed by a duly authorized officer of such party, and directed to Debtors.

(i)    **No "Responsible Person".    Effective upon entry of <~~this~~ ~~Order~~>the Interim Order, none of the Postpetition Agent or Postpetition Lenders shall, solely by executing the Postpetition Documents or taking any actions pursuant to the Interim Order or this Order<~~, none of the Postpetition Agent or Postpetition Lenders shall~~>: (i) be deemed to be in control of the operations or liquidation of Debtors; or (ii) be deemed to be acting as a "responsible person" with respect to the operation, management or liquidation of Debtors**.

(j)    Insurance.  Debtors are directed to deliver to Postpetition Lender evidence, satisfactory to Postpetition Agent, that the Postpetition Collateral is insured for the full replacement value thereof, that all insurance policies required by the Postpetition Loan Agreement or obtained in connection with the Collateral are maintained in full force and effect, and that Postpetition Agent is named as loss payee on all such property insurance policies and named as additional insured on all such liability policies as its interests may appear.

(k)    Access to Collateral.  Upon and after the occurrence of an Event of Default, subject to Paragraph 5(b) above, Postpetition Agent (and any of Postpetition Agent's employees, agents, consultants, contractors or other professionals) shall have the right, at the cost and expense of Debtors, to enter upon any leased premises of any of Debtors for the purpose of exercising any remedy with respect to the Postpetition Collateral located thereon and shall be entitled to all of Debtors' rights and privileges as lessee under such lease without interference from the lessors thereunder.  Unless otherwise agreed between Postpetition Agent and the applicable landlord, Postpetition Lenders will be obligated to pay base rent, as defined in the applicable lease (or other agreement between Postpetition Agent and the applicable landlord) for the period of time

Postpetition Agent actually occupies the applicable leased premises, calculated on a per diem basis and any such amounts paid by Postpetition Lenders shall constitute Postpetition Debt.

(l)    <u>Assignment of Postpetition Debt</u>.    Pursuant to the terms and provisions of the Postpetition Documents, in the event that the Postpetition Debt is assigned in accordance with the terms thereof, such assignees shall be entitled to all rights and benefits as a Postpetition Lender under this Order.

(m)    <u>Cash Management</u>.    Debtors' existing cash management agreements and related Cash Management Accounts with any Prepetition Lender (each as in effect on the date hereof or as amended with the written consent of Postpetition Agent, a "Prepetition Lender Cash Management Agreement") shall remain in full force and effect and any Prepetition Lender (or affiliate) party thereto as a "bank" shall retain all rights, remedies and obligations thereunder; it being the intent that no such rights of setoff, recoupment or banker's liens shall grant such bank (or any affiliate Prepetition Lender) any cross-collateralization with respect to any other Prepetition Debt.

(n)    <u>No Third Party Rights</u>.    Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder, stakeholder or any direct, indirect or incidental beneficiary.

8.    <u>Releases and Binding Effect</u>.

(a)    **<u>Releases</u>.    Subject to the provisions of Paragraph 8(b) and the notice provisions of Paragraph <8(e)>H of this Order, for good and valuable consideration, including, but not limited to, the willingness to enter into the agreement of the Prepetition Agent and Prepetition Lenders (pursuant to the terms and conditions of this Order) to (a) accept the Agreed Amount as a discounted payment of their fully secured claims under the**

**Prepetition Loan Documents, (b) forgo seeking an expeditious liquidation of the Prepetition Collateral, (c) the numerous concessions and additional financing provided to the Debtors and their affiliates by the Prepetition Agent and the Prepetition Lenders before the Filing Date, and (d) the consent to the Postpetition Debt and the use of Cash Proceeds to pay the Debtors' payroll obligations arising after the Filing Date, effective as of the date of <~~this~~>the Interim Order, each of the Prepetition Agent and the Prepetition Lenders and their respective Representatives (as broadly as permitted under applicable law) shall be released by the Debtors (on behalf of their estates and affiliates), Postpetition Agent and Postpetition Lenders (solely in their capacities as such under the Postpetition Documents and in no other capacity and in exchange for the reciprocal release provided below), Tinicum Capital Partners II LP ("Tinicum") (in exchange for the reciprocal release provided below) and all other creditors, interest holders and other stakeholders of the Debtors (together with the Representatives of each of the foregoing parties, the "Releasing Parties") from any and all claims, debts, obligations, rights, suits, damages, actions, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, directly or indirectly related to the Debtors and their affiliates, existing as of the date of <~~this~~>the Interim Order or thereafter arising, in law, at equity, or otherwise ("Claims"), that any of the Releasing Parties would have been legally entitled to assert directly in its own right (whether individually or collectively) or that any holder of a claim or equity interest or other person or entity would have been legally entitled to assert on behalf of any of the Debtors or any of their estates or affiliates, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the date of <~~this~~>the Interim Order, including without limitation, claims, actions, and causes of action**

in connection with the Debtors and their assets, the Prepetition Credit Agreement, the Prepetition Loan Documents, this Case, the Postpetition Debt, the Postpetition Documents and the restructuring or liquidation of the Debtors and their affiliates.  Subject to Paragraph 8(b), the Debtors' (on behalf of themselves and their non-debtor affiliates) stipulations, agreements and waivers and the releases granted herein have been provided in good faith and are fair and reasonable under the circumstances in light of the opportunity for parties to object during the Challenge Period and the substantial contributions made by the Prepetition Agent and the Prepetition Lenders as described herein.  Effective as of the date of <del>this</del><u>the Interim</u> Order, each of Postpetition Agent, Postpetition Lenders, Tinicum and their respective Representatives shall be released (as broadly as permitted under applicable law) by each of Prepetition Agent, Prepetition Lenders and their respective Representatives ("Prepetition Releasors") from any and all Claims  that any of the Prepetition Releasors would have been legally entitled to assert directly in its own right (whether individually or collectively) based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the date of <del>this</del><u>the Interim</u> Order, including without limitation, claims, actions, and causes of action in connection with the Debtors and their assets, the Prepetition Credit Agreement, the Prepetition Loan Documents, this Case, the Postpetition Debt, the Postpetition Documents and/or the restructuring or liquidation of the Debtors and their affiliates.  Notwithstanding anything in this Paragraph 8(a) to the contrary, the foregoing releases shall not release any rights provided to any party under <del>this</del><u>the Interim</u> Order.

(b)    **Stipulations, Representations and Findings**.  The stipulations, representations and findings and the release contained in Paragraphs F, G and 8(a) of this

Order shall be binding on all Releasing Parties and other parties in interest in the Case and their respective Representatives and successors and assigns, including any Trustee; provided however, that nothing in this Order or the Postpetition Credit Agreement shall prejudice the rights any Committee or any other party in interest (other than the Debtors, their estates and affiliates, the Postpetition Agent and the Postpetition Lenders) may have (a) to object to or challenge the findings herein, including, but not limited to, those in relation to (i) the validity, extent, perfection or priority or the mortgage, security interests and liens of the Prepetition Agent and the Prepetition Lenders in and to the Prepetition Collateral, (ii) the validity, allowability, priority, status or size of the Prepetition Debt, (iii) the propriety of the repayment of the Prepetition Debt, the releases granted herein and the adequate protection provided to Prepetition Agent and Prepetition Lenders, or (b) to bring suit against the Prepetition Agent or the Prepetition Lenders to assert a cause of action, claim or defense, at law or in equity, whether direct or derivative, in connection with or related to the Prepetition Credit Agreement, the Prepetition Loan Documents, or the actions or inactions of the Prepetition Agent or the Prepetition Lenders arising out of or related to the Prepetition Credit Agreement and Prepetition Loan Documents (collectively, the "Potential Prepetition Lender Causes of Action"); provided further, however, that unless any Committee or any other party in interest files a motion challenging the Prepetition Liens or requesting standing to commences or commences a contested matter or adversary proceeding raising such claim, objection or challenge, against the Prepetition Agent or the Prepetition Lenders of any nature (including by setoff, counterclaim or defense to the Prepetition Debt, including but not limited to, those under ~~<sections>~~ <u>§§</u> 506, 544, 547, 548, 550 and/or 552 of the Code or by way of suit against the Prepetition Agent or the Prepetition

**Lenders), within thirty (30) days following the date of <~~this~~>the Interim Order (or in the case of any Committee, thirty (30) days following the date of appointment of such Committee) (the "Challenge Period", and the date that is the next calendar day after the termination of the Challenge Period, in the event that no objection or challenge is raised during the Challenge Period shall be referred to as the "Challenge Period Termination Date"), upon the Challenge Period Termination Date, any and all such claims, causes of action, challenges and objections by any party (including, without limitation, any creditor, interest holder, stakeholder, party in interest, official creditors' committee(s) and any Chapter 11 or Chapter 7 trustee appointed herein) shall be deemed to be forever waived, released and barred, and the Prepetition Debt shall be deemed to be allowed in full as secured claims as of the Filing Date within the meaning of <~~section~~>§ 506 of the Code for all purposes in connection with this Case and the Debtors' stipulations and the releases provided herein shall be binding on all creditors, interest holders, stakeholders and parties in interest; and provided further that no more than an aggregate of $50,000 of the Cash Proceeds, the Postpetition Loan or the Retained Professionals Carveout may be used by any Committee to investigate any of the matters described in this Paragraph**.

<~~(c) **Notice of Release**. **Promptly after entry of this Order, the Debtors shall promptly (no later than 5 days after entry of this Order) provide notice of this Order and the releases provided in Paragraph 8(a) and the Challenge Period and the 506(c) waiver: (i) by first class mail to all known creditors and holders of interests in the Debtors; (ii) by publication in the New York Times or the Wall Street Journal and the Chicago Tribune; (ii) by posting on the Debtors' website; and (iv) through The Depository Trust Company to all holders of the Debtors' outstanding public securities. Such notice may be**~~

~~combined with notices that the Debtors will provide regarding the 363 sale and/or commencement of this Case.>~~

(c)    <(d) Plan Release Provisions.  Any plan proposed by the Debtors, the Postpetition Agent or the Postpetition Lenders shall include general releases of the Prepetition Agent and the Prepetition Lenders substantially similar to the releases provided herein.  The Debtors and Tinicum hereby represent and warrant that they do not intend to convert the Debtors' chapter 11 cases to cases under chapter 7 of the Code.

(d)    <(e) Order.  This Order shall take effect immediately upon execution and shall be binding on all parties in interest in the Case and their respective successors and assigns, including any Trustee, except that any Trustee shall have the right to terminate this Order after notice and hearing.  If, in accordance with Code § 364(e), this Order does not become a final nonappealable order, if a Trustee terminates this Order, or if any of the provisions of the Order are hereafter modified, amended, vacated or stayed by subsequent order of this Court or any other court, such termination or subsequent order shall not affect the priority, validity, enforceability or effectiveness of any lien, security interests, adequate protection or any other benefit or claim authorized hereby prior to the effective date of such termination or subsequent order.  All such liens, security interests, claims and other benefits shall be governed in all respects by the original provisions of this Order, and (i) Postpetition Agent and Postpetition Lenders shall be entitled to all the rights, remedies, privileges and benefits granted herein, including the liens and priorities granted herein with respect to the Postpetition Debt and (ii) Prepetition Agent and Prepetition Lenders and their respective Representatives shall be entitled to all the rights, remedies, privileges and benefits granted herein, including the liens and priorities granted herein with respect

to the Prepetition Debt.<.>  Except as otherwise explicitly set forth in this Order, no third party is intended to be, or shall be deemed to be, a third party beneficiary of this Order.

(e)      <(f)  >Survival.  The provisions of this Order, and any actions taken pursuant to or in reliance upon the terms hereof, shall survive entry of, and govern in the event of any conflict with, any order which may be entered in the Case: (i) confirming any chapter 11 plan; (ii) converting the Case to a case under chapter 7; or (iii) dismissing the Case.  The terms and provisions of this Order, including the rights granted Postpetition Agent and Postpetition Lenders under Code §§ 364(c) and (d), shall continue in full force and effect until all of the Postpetition Debt is indefeasibly and finally paid in cash in full and discharged.  The terms and provisions of this Order with respect to the rights granted Prepetition Agent and Prepetition Lenders herein shall continue in full force and effect until all of the Agreed Amount of Prepetition Debt and Continuing <Indemnity>Indemnification Obligations are indefeasibly and finally paid in cash in accordance with the terms hereof and discharged.

(f)      <(g)  >Proofs of Claim.  Neither Prepetition Agent nor any Prepetition Lender will be required to file proofs of claim in the Case.  Prepetition Agent is hereby authorized and entitled, in its sole discretion, but not required, to file (and amend and/or supplement, as it sees fit) aggregate proofs of claim in the Case on behalf of the Prepetition Lenders.  Any proof of claim so filed shall be deemed to be in addition and not in lieu of any other proof of claim that may be filed by any of the Prepetition Lenders.  In the absence of filing such proofs of claim, the provisions of this Order shall be deemed to be proofs of claim filed against each of the Debtors.

(g)      <(h)  >Notice of Entry of Order<; Notice of Final Hearing.  The Final Hearing is scheduled for _____, 2007 at _____ (Central), and may be continued from time to time without further notice other than that given in open court.>.  Debtors are

directed to serve a copy of this Order, within three (3) <~~Business Days~~>business days hereof, by first class mail, postage prepaid, on all of each Debtor's secured creditors, the <~~Debtors' thirty largest unsecured creditors, the~~ >Committee<~~and~~>, the United States Trustee<~~, which service shall constitute adequate and proper notice of the Final Hearing and the proposed terms of the Final Order. Any objection to terms of this Order substantially constituting the terms of the Final Order must be filed with the Court and caused to be received by the following parties no later than _____, 2007 at 4:00 p.m. (Central): (i) Shaw Gussis Fishman Glantz Wolfson & Towbin, 321 N. Clark Street, Suite 800, Chicago, Illinois 60610, attention: Brian L. Shaw, and Skadden Arps Slate Meagher & Flom, LLP, 333 W. Wacker Drive, Suite 2000, Chicago Illinois 60606, attorneys for the Debtors; (ii) Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd., 55 East Monroe, Suite 3700, Chicago, Illinois 60603, attention: Randall L. Klein, attorneys for the Postpetition Agent; (iii) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, attention: Nancy Finkelstein and Lawrence V. Gelber, attorneys for Tinicum Capital Partners II, L.P., (iv) Bingham McCutchen LLP, 150 Federal Street, Boston MA 02110, attention: Jonathan K. Bernstein and Sabin P. Willet, and Bingham McCutchen LLP, One State Street, Hartford, Connecticut 061033, attention: Patrick Trostle; (v) Mayer, Brown, Rowe & Maw LLP, 1675 Broadway, New York, New York 10019, attention: Raniero D'Aversa, Esq. and Monique Mulcare; (vi) the Office of United States Trustee, Region 11, 227 W. Monroe Street, Suite 3350, Chicago, Illinois 60606, attention: Kathryn M. Gleason; and (vii) Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 2500, Chicago, Illinois 60601, attention: Nancy A. Peterman and Nancy A. Mitchell, attorneys for the Committee. Any timely and properly filed and served objection will be heard at the Final Hearing.~~ > and parties who have filed notices of appearances in this Case.

Dated: _____ __, 2007

_____
 Honorable A. Benjamin Goldgar
United States Bankruptcy Judge

## EXHIBIT A

## DEFINED TERMS

1.      ***Agreed Amount.***  As of the Repayment Date, the sum of (a) the aggregate amount of outstanding principal, interest (calculated at the non-default contract rate provided for under the Prepetition Credit Agreement), fees, costs and other charges, and all other obligations, contingent or otherwise (other than Continuing <del>Indemnity</del>Indemnification Obligations), owing to Prepetition Agent and Prepetition Lenders under the Prepetition Loan Documents, <u>minus</u> (b) the aggregate amount of cash held by the Debtors and their non-debtor affiliates prior to the opening of business on the Repayment Date as reasonably determined in accordance with the Debtors' past practices, <u>minus</u> (c) the lesser of (i) $3,500,000 or (ii) five percent (5%) of the amount equal to (a) minus (b) above.

2.      ***Budget.***  The budget attached to this Order as **Exhibit B**, as amended, modified or supplemented from time to time, for different amounts or different periods, all as may be agreed to by Debtors and Postpetition Agent from time to time without the necessity for further Court approval.  Except in cases of emergency funding, the Committee shall be provided with written notice at least three (3) business days in advance of the effectiveness of any amendments, modifications or supplements to the Budget.

3.      ***Business Day.***   Any Business Day (as that term is defined in the Postpetition Loan Agreement).

4.      ***Case.***  This jointly-administered chapter 11 case or any superseding chapter 7 case of Debtors.

5.      ***Cash Management Accounts.***   Collectively, all bank accounts (including the "Cash Management Accounts") referenced in Section 2.7 of the Postpetition Loan Agreement and all bank accounts subject to the Prepetition Lender Cash Management in accordance with the terms and provisions of this Order.

6.      ***Cash Proceeds.***  All cash arising from the collection or other conversion to cash of the Postpetition Collateral, including all "cash collateral" as that term is defined in Code § 363(a), and any other cash from the sale of inventory and the collection of accounts receivable, tax refunds, deposits subject to setoff, and insurance proceeds.  Any cash collected or received by Debtors at any time from any source shall be deemed to be proceeds of Postpetition Collateral.

7.      ***Challenge.***  As defined in Paragraph 8(b) of this Order.

8.      ***Challenge Period Termination Date.***  As defined in Paragraph 8(b) of this Order.

9.      ***Code.***  The United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*), as amended, and any successor statute.  Unless otherwise indicated, all statutory section references in this Order are to the Code.

10. ***Committee.*** Any official creditors' committee appointed to represent unsecured creditors in this Case pursuant to Code § 1102.

11. ***Continuing Indemnification Obligations.*** All reimbursement, indemnification or similar continuing obligations of the Debtors in favor of the Prepetition Agent and Prepetition Lenders under the Prepetition Loan Documents, including without limitation, any such obligations under Section 9.7 of the Prepetition Credit Agreement.

12. ***Continuing Prepetition Liens.*** Prepetition Liens upon Foreign Non-Debtor Property which shall be subject and subordinate in all respects to any and all liens, security interests and pledges in favor of Postpetition Agent or any Postpetition Lender with respect to the Postpetition Debt.

13. ***Event of Default.*** Any one or more of the following: (a) the occurrence of any "Event of Default" under and as defined in Section 7 of the Postpetition Loan Agreement; or (b) failure by Debtors to perform their obligations in strict accordance with the terms of, or otherwise fail to comply with any of the provisions of, this Order.

14. ***Excluded Foreign Liens.*** All Prepetition Liens upon Foreign Non-Debtor Property that are not Included Foreign Liens.

15. ***Filing Date.*** January 12, 2007.

<16. ~~***Final Hearing.*** The final hearing on the Motion conducted in accordance with Fed. R. Bankr. P. 4001.~~>

<17. ~~***Final Order.*** An order authorizing Debtors to incur Postpetition Debt on a final basis entered at or in connection with the Final Hearing, in form and substance acceptable to Postpetition Agent.~~>

<u>16.</u> <18.~~***First Priority Liens.***~~ Liens which are first priority, properly perfected, valid and enforceable security interests, which are not subject to any claims, counterclaims, defenses, setoff, recoupment or deduction, and which are unavoidable and not subject to avoidance or subordination pursuant to any provisions of the Code, applicable nonbankruptcy law, or any agreement.

<u>17.</u> <19.~~***Foreign Non-Debtor Property.***~~ All Prepetition Collateral of any non-debtor affiliate of the Debtors.

<u>18.</u> <20.~~***Included Foreign Liens.***~~ All Prepetition Liens upon (a) the equity interests of non-debtor affiliates of the Debtors whose equity interests constitute a portion of the Sold Collateral and (b) any Foreign Non-Debtor Property sold, transferred or otherwise disposed of in connection with the Sold Collateral.

<u>19.</u> <u>***Interim Order.*** The Order Authorizing Debtors To: (A) Incur Postpetition Debt Pending Final Hearing; (B) Grant Liens and Provide Security and Other Relief to Wells Fargo Foothill, Inc., as Agent; and (C) Grant Adequate Protection to the Prepetition Agent and Prepetition Lenders, entered in this Case on January 22, 2007.</u>

20.    <21.  **_Obligations._**    All "Obligations" (as that term is defined in the Postpetition Loan Agreement).

21.    <22. **_Postpetition Agent._**    Wells Fargo Foothill, Inc. as "Agent," under and as defined in the Postpetition Loan Agreement, and any successor agent.

22.    <23. **_Postpetition Charges._**    Interest at the rate set forth in Section 2.6 of the Postpetition Loan Agreement and all fees, costs, expenses and other charges and amounts due or coming due under the Postpetition Documents or in connection with the Postpetition Debt (including, to the extent provided therein, all attorneys' fees and paralegals' fees and expenses, financial advisor fees and expenses, appraiser fees and expenses, valuation related fees and expenses, consultant fees and expenses, out-of-pocket filing and recording fees, external and internal audit fees and expenses, closing fees, letter of credit fees, unused line fees, facility fees, administrative fees, agency fees, arrangement fees, deferred fees, consultant fees and expenses, and all other costs and expenses) that are incurred before, on, or after the Filing Date by Postpetition Agent with respect to the preparation, negotiation or documentation of the Postpetition Documents, the Postpetition Debt, or the administration of the Postpetition Debt.

23.    <24. **_Postpetition Collateral._**    All of the real and personal property of Debtors, including without limitation, the "Collateral," as that term is defined in the Postpetition Loan Agreement and all proceeds of the foregoing.  The "Postpetition Collateral" shall expressly include any claims and recoveries arising under §§ 502(d), 544, 545, 547, 548, 549, 550 and 553 of the Code, except Postpetition Collateral shall exclude any claims and recoveries <del>under any section of Chapter 5 of the Code></del>arising under § 547 against any entity other than an insider of the Debtor or any affiliate of such insider.

24.    <25. **_Postpetition Debt._**    (a) All Obligations or other indebtedness of Debtors to Postpetition Agent or Postpetition Lenders incurred on or after the Filing Date pursuant to this Order, the Postpetition Documents, or otherwise, including any advances made by Postpetition Agent or any Postpetition Lenders to pay any Prepetition Debt; (b) the Postpetition Charges; and (c) any "Bank Product Obligations" owed to a "Bank Product Provider" (as those terms are defined in the Postpetition Loan Agreement).

25.    <26. **_Postpetition Documents._**    The Postpetition Loan Agreement and other related agreements and documents, including the "Loan Documents" (as that term is defined in the Postpetition Loan Agreement), all as may be acceptable to the Postpetition Agent and Postpetition Lenders.

26.    <27. **_Postpetition Lenders._**    Wells Fargo Foothill, Inc., and any other lenders party from time to time to the Postpetition Loan Agreement and their respective successors and assigns.

27.    <28. **_Postpetition Liens._**    First Priority Liens in the Postpetition Collateral, subject only to Postpetition Permitted Liens.

28.    <29. **_Postpetition Loan Agreement._**    That certain Debtor-In-Possession Credit Agreement by and among Debtors, Postpetition Agent and Postpetition Lenders

substantially in the form of **Exhibit C** to this Order, as amended, modified or supplemented from time to time in accordance with its terms and this Order.

29. <~~30.~~ ***Postpetition Permitted Liens.*** Collectively, (a) the Retained Professionals Carveout; (b) the Prepetition Agent's lien in the L/C Collateral as described in Paragraph 1(c) above, (c) all UST Fees, (d) third party liens all as more fully set forth in a schedule attached to the Postpetition Loan Agreement, as such schedule may be amended from time to time with the written consent of Postpetition Agent, to the extent such third party liens have priority over the Prepetition Liens as of the Filing Date or are secured by liens in Collateral as of the Filing Date having a value in excess of the Prepetition Debt.

30. <~~31.~~ ***Prepetition Agent.*** Bank of America, N.A., in its capacity as Agent under the Prepetition Credit Agreement, and its successors and assigns.

31. <~~32.~~ ***Prepetition Collateral.*** Collectively, all of the "Collateral" (as that term is defined in the Prepetition Credit Agreement existing as of the Filing Date) and all proceeds, rents, issues, profits and products thereof.

32. <~~33.~~ ***Prepetition Credit Agreement.*** Second Amended and Restated Senior Revolving Credit Agreement dated as of June 16, 2003, by and among Prepetition Agent, Prepetition Lenders and the Debtors (as the same as heretofore been amended, supplemented, modified, extended, renewed, restated and/or replaced at any time prior to the Filing Date).

33. <~~34.~~ ***Prepetition Debt.*** All indebtedness or obligations under the Prepetition Loan Documents as of the Filing Date, including contingent liabilities under outstanding letters of credit.

34. <~~35.~~ ***Prepetition Indemnity Account.*** An account established in the control of the Prepetition Agent, into which $1.75 million of the proceeds of any sale, lease or other disposition contemplated by Paragraph 1(f) hereof shall be deposited as security for the Continuing <~~Indemnity~~>Indemnification Obligations; provided however that $1.25 million of such amount shall be released to the Debtors as Cash Proceeds hereunder if the Challenge Period Termination Date occurs and no party has brought or asserted an adversary proceeding, cause of action, objection, challenge claim or defense as contemplated by Paragraph 8(b) of this Order; and provided further that the Prepetition Indemnity Account shall terminate and all remaining amounts shall be released to the Debtors as Cash Proceeds hereunder on the earliest of: (a) further Order of this Court; (b) one year from the date of <~~this~~>the Interim Order; and (c) the date that the Court enters a final order closing the Debtors' cases.

35. <~~36.~~ ***Prepetition Lenders.*** Bank of America, N.A. and LaSalle National Bank, N.A.., and their respective successors and assigns.

36. <~~37.~~ ***Prepetition Liens.*** Collectively, Prepetition Agent's and Prepetition Lenders' liens and security interests in the Prepetition Collateral under the Prepetition Loan Documents.

37. <~~38.~~ ***Prepetition Loan Documents.*** Collectively, (a) the Prepetition Credit Agreement and; (b) all "Loan Documents" (as defined in the Prepetition Credit Agreement).

38.    <39.  ***Prepetition Permitted Liens.*** Collectively, all "Liens" (as defined in the Prepetition Credit Agreement) that are permitted pursuant to the terms of the Prepetition Credit Agreement and that, as of the Filing Date: (a) had priority under applicable law over the Prepetition Liens; (b) were not subordinated by agreement or applicable law; and (c) were non-avoidable, valid, properly perfected and enforceable.

39.    <40.  ***Prepetition Superpriority Claim.*** An allowed superpriority administrative expense claim under <~~Section~~>§ 507(b) of the Code, with priority over all other administrative claims in the Debtors Cases (except as provided by <~~Section~~>§ 507(a) of the Code), but otherwise subject and subordinate to the Postpetition Debt, the Retained Professionals Carveout and the UST Fees).

40.    <41.  ***Reinstated Prepetition Debt.*** The aggregate amount, if any, of Prepetition Debt that after the Filing Date is (a) paid (including the Agreed Amount) and (b) subsequently reinstated after payment thereof because such payment is required by final order, to be returned, disgorged or repaid to Debtors, Postpetition Agent or Postpetition Lenders; provided, however, that all such Reinstated Prepetition Debt shall be junior and subordinate in right of payment to all Postpetition Debt.

41.    <42.  ***Releasing Parties.*** As defined in Paragraph 8(a) of this Order.

42.    <43.  ***Repayment Date.*** The date of payment of the Prepetition Debt in accordance with Paragraph 1(b) this Order<~~; provided, however, that such payment shall occur on or before 4:00 p.m. Chicago time on January 23, 2007, unless otherwise agreed to in writing between Postpetition Agent and Prepetition Agent.~~>.

43.    <44.  ***Replacement Liens.*** Second Priority Liens in all of the Debtors' assets, subject only to: (a) the Postpetition Liens; (b) Prepetition Permitted Liens; and (c) Postpetition Permitted Liens, subject to Paragraph 1(b) of the Order and expressly excluding any claims or recoveries <~~under Chapter 5~~>arising under §§ 502(d), 544, 545, 547, 548, 549, 550 and 553 of the Code.

44.    <45.  ***Representative.*** With respect to any particular person or entity, such person or entity's officers, directors, employees, members, partners, principals, managers, officers, directors, agents, employees, advisors (including any attorneys, financial advisors, investment bankers, and other professionals retained by such persons or entities), affiliates, and representatives.

45.    <46.  ***Retained Professionals.*** Court-approved counsel and financial advisors for Debtors, and court-approved counsel and financial advisors for any Committee.

46.    <47.  ***Retained Professionals Carveout.*** The aggregate amount set forth in Paragraph 4 of this Order for the purposes of enabling Debtors estate to pay allowed fees and expenses of the Retained Professionals as may be awarded from time to time pursuant to Code §§ 330 and 331, plus the reasonable out-of-pocket expenses (excluding attorneys' fees) incurred by Committee members and otherwise allowed by final order of the Court.

<u>47.</u>   <48.  ***Second Priority Liens.***   Liens which are subject and subordinate to First Priority Liens in all respects but which are otherwise second priority, properly perfected, valid and enforceable security interests, which are not subject to any claims, counterclaims, defenses, setoff, recoupment or deduction, and which are otherwise unavoidable and not subject to avoidance or subordination pursuant to any provisions of the Code, applicable nonbankruptcy law, or any agreement.

<u>48.</u>   <49.  ***Termination Date.***   At Postpetition Agent's election, the earliest to occur of: (a) the date on which Postpetition Agent provides, via facsimile or overnight mail, written notice to counsel for Debtors and counsel for any Committee of the occurrence of an Event of Default and Postpetition Agent's election to cease funding and accelerate the Postpetition Debt; (b) the entry of an order converting the Case to a case under chapter 7 of the Code or dismissing the Case; (c) the effective date of any plan of reorganization or liquidation confirmed in the Case; (d) ninety (90) calendar days after the date of this Order unless extended in writing by Postpetition Agent; <u>or</u> (e) the closing date of a sale of all or substantially all of the Collateral pursuant to Code § <~~363;~~><~~(f) if the Final Order is not entered on or before such date, February 21, 2007; or (g) the date of the Final Hearing, if a Final Order acceptable to Postpetition Agent is not entered in connection therewith.~~><u>363.</u>

<u>49.</u>   <50.  ***Trustee.***   Any trustee, examiner with expanded powers, or other responsible person appointed or elected for or with respect to Debtors appointed or elected in the Case.

<u>50.</u>   <51.  ***UST Fees.***   Collectively, all fees required to be paid by Debtors to the Clerk of the Bankruptcy Court or the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a) that accrue prior to the Termination Date.

## EXHIBIT B

**BUDGET**

**(See Attached)**

# EXHIBIT C

**POSTPETITION LOAN AGREEMENT**

**(See Attached)**

Document comparison done by DeltaView on Monday, February 05, 2007 1:35:02 PM

| Input: | |
|---|---|
| Document 1 | PowerDocs://GKLIB/673633/1 |
| Document 2 | PowerDocs://GKLIB/673633/9 |
| Rendering set | GK |

| Legend: | |
|---|---|
| Insertion | |
| <Deletion> | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 50 |
| Deletions | 83 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 133 |